OPINION
{¶ 1} Derrick Earl Stark, Sr. appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion for a new trial.
 {¶ 2} In November 1998, Stark was tried and convicted of trafficking in cocaine and was sentenced to ten years of imprisonment. Among the evidence against Stark was the testimony of Steven Blackshear, who had agreed to act on behalf of the police to purchase drugs from Stark in exchange for a reduction in the charges for his own drug offenses. Stark appealed his conviction to this court, and we affirmed the conviction inState v. Stark (Jan. 21, 2000), Montgomery App. No. 17644.
 {¶ 3} In April 2002, Stark filed a motion for a new trial claiming newly discovered evidence that Blackshear had lied at trial for his own personal gain. He attached several affidavits and unsworn letters from inmates who claimed to have heard Blackshear admit to "setting [Stark] up" on the drug buy for a variety of reasons, including Blackshear's alleged belief that Stark had had a sexual relationship with Blackshear's wife.
 {¶ 4} The trial court found procedural and substantive problems with Stark's motion. Procedurally, the trial court noted that Stark had failed to obtain leave of court to file his motion, as required by Crim.R. 33(B). Substantively, the trial court concluded that Stark's motion did not comply with the requirements outlined in State v. Petro (1947),148 Ohio St. 505, 76 N.E.2d 370, for granting a new trial based on newly discovered evidence. Specifically, the trial court found that the evidence submitted with the motion for new trial could have been discovered before the trial, merely impeached the former evidence, and did not display a strong probability that it would change the result if a new trial was granted. The trial court denied the April 2002 motion for new trial.
 {¶ 5} Stark raises one assignment of error on appeal, which bears no relationship to the April 2002 motion for a new trial. In his sole assignment of error, Stark asserts:
 {¶ 6} "The trial court erred in refusing to permit three defense witnesses to testify regarding their observations of changes in appellant's condition, behavior, emotional state and state of mind."
 {¶ 7} Res judicata clearly bars the issue that Stark attempts to raise in this assignment of error. Any error related to the witnesses who were prevented from testifying at trial should have been raised on direct appeal and is now barred. State v.Johnson, Cuyahoga App. No. 80247, 2002-Ohio-2712, ¶ 7, citingState v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Moreover, this issue was not raised in the trial court. Thus, we will not consider the issue, and the assignment of error is overruled.
 {¶ 8} Although Stark does not attack the decision from which he apparently appeals, i.e., the overruling of the April 2002 motion for a new trial, we note that such a challenge would have been unavailing. We agree with the trial court's assessment of the issues for all of the reasons set forth in its decision. Furthermore, we note that the affidavits of various inmates about statements that Blackshear had made in prison were contradicted not only by Blackshear's testimony at trial but also by the testimony of the police officer who set up the drug buy. This officer had first hand knowledge of the events at issue. For example, the inmates imply that Blackshear took the drugs to the transaction himself for the purpose of framing Stark. However, the police officer testified that he had taken extensive measures to ensure that Blackshear did not have any drugs on his person or in his vehicle when he went to meet Stark. We find it highly improbable that, if Stark were granted a new trial, the jury would believe the impeachment information of the inmates over the first-hand information of the police officer.
 {¶ 9} Thus, if the trial court's denial of the motion for a new trial were the subject of Stark's assignment of error, we would conclude that the trial court had properly overruled his motion.
 {¶ 10} The judgment of the trial court will be affirmed.
Fain, P.J. and Brogan, J., concur.