OPINION
{¶ 1} Defendant-Appellant Darnell Butler appeals from the trial court's March 26, 2003 denial of his motion for a new trial. We affirm the judgment of the trial court.
 {¶ 2} A jury convicted Butler in 1989 of aggravated murder with a firearm specification, and he was sentenced accordingly. Butler appealed, and we affirmed both his conviction and sentence. State v. Butler (Oct. 23, 1990), Clark App. No. 2634. Over the years since his conviction, Butler has filed numerous motions for a new trial and petitions for post-conviction relief. For the most part these filings have offered variations on his current claim that post traumatic stress disorder (PTSD) would have served as a defense for his murder of Ezell Hunley.
 {¶ 3} Butler filed his first motion for a new trial during the pendency of his original appeal. Accordingly, the trial court dismissed the motion for lack of jurisdiction. Butler appealed, and we affirmed the judgment of the trial court. State v.Butler (June 26, 1991), Clark App. No. 2717.
 {¶ 4} In August 1991 Butler filed a petition for post-conviction relief claiming that he was incompetent to stand trial due to PTSD. We affirmed the trial court's denial of that petition. State v. Butler (March 19, 1992), Clark App. No. 2862. He filed two more petitions in 1995, both of which focused on his claim that trial counsel was ineffective for failing to offer evidence that Butler suffered from PTSD due to his military service in Vietnam and that he murdered his victim during a flashback. We again affirmed the trial court's decision overruling the petition. State v. Butler (June 28, 1996), Clark App. No. 95 CA 68. On September 30, 2002 Butler filed another motion for a new trial based on a claim of newly discovered evidence, once again claiming that he must be offered the opportunity to present evidence of PTSD. The trial court overruled the motion. Butler filed a timely notice of appeal.
 {¶ 5} Butler's first assignment of error:
 {¶ 6} "The trial court erred and abused its discretion in holding that appellant's motion for leave to file [a] motion for new trial and [his] motion for [a] new trial was procedurally barred in violation of his absolute right to procedural due process of law as guaranteed by the constitution[s] of ohio and the united states."
 {¶ 7} Butler's second assignment of error:
 {¶ 8} "The trial court committed constitutional error where the court suppressed the exculpatory evidence of appellant suffering from ptsd from a jury in violation of his absolute right to procedural due process of law."
 {¶ 9} Butler's third assignment of error:
 {¶ 10} "The trial court committed prejudicial error and abused its discretion in granting the state of ohio's motion to dismiss/summary judgment on the pleadings in violation of appellant's absolute right to procedural due process of law."
 {¶ 11} Butler claims that because he was unavoidably prevented from discovering the evidence of PTSD until he was diagnosed in 1991 and 1992, the trial court should not have dismissed his motion for a new trial filed nearly eleven years after his first diagnosis. On the other hand, the trial court offered three reasons for its decision denying Butler's 2002 motion for a new trial. The court found that Butler's motion was not timely; it was barred by res judicata; and even if it had been allowed, it would not have changed the result of his trial. We agree with the trial court.
 {¶ 12} The decision whether to grant a motion for a new trial is within the sound discretion of the trial court, and an appellate court cannot reverse the trial court's order unless there has been an abuse of discretion. State v. Shepard (1983),13 Ohio App.3d 117, 468 N.E.2d 380. An abuse of discretion is more than an error of law or judgment; it implies an unreasonable, unconscionable, or arbitrary decision that is "palpably and grossly violative of fact and logic." Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1. We do not believe that the trial court abused its discretion in denying Butler's motion for a new trial.
 {¶ 13} Contrary to Crim.R. 33(B), Butler's 2002 motion was filed approximately eleven years after he was first diagnosed with PTSD. While perhaps Butler was unavoidably prevented from discovering the evidence until he was first diagnosed in 1991, there is no reasonable explanation for a delay of eleven years. In fact, once Butler learned of his diagnosis, he did present PTSD arguments to the trial court on more than one occasion. Accordingly, the trial court properly found that Butler's claim is now barred by the doctrine of res judicata.
 {¶ 14} In any event, PTSD evidence would not have assisted Butler's claim of self defense. In light of the State's three witnesses' testimony that Butler was out looking for Hunley before the murder and that there appeared to be absolutely no provocation from Hunley at the time of the murder, PTSD evidence "could not be reasonably expected to change the results of the trial." PTSD notwithstanding, one remains under a duty to retreat and an obligation not to seek out trouble, particularly while armed with a deadly weapon. Butler violated both of those duties.
 {¶ 15} For these reasons, we cannot find that the trial court abused its discretion in denying Butler's motion for a new trial. Butler's first three assignments of error are without merit and are overruled.
 {¶ 16} Butler's fourth assignment of error:
 {¶ 17} "The trial court committed prejudicial error and abused its discretion in rendering summary judgment in this case without first ordering and conducting an evidentiary hearing in violation of the appellant's absolute right to procedural due process of law as guaranteed under the ohio and united states constitution[s]."
 {¶ 18} In his fourth assignment of error, Butler argues that the trial court abused its discretion in denying his motion for a new trial without first holding a hearing. We disagree.
 {¶ 19} "Crim.R. 33 allows a trial court to entertain a motion for a new trial, and `[t]he allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed.'" State v. Hill, 64 Ohio St.3d 313, 333,1992-Ohio-43, quoting State v. Williams (1975),43 Ohio St.2d 88, 330 N.E.2d 891, paragraph two of the syllabus. Similarly, the decision of whether a hearing is warranted upon such a motion, also lies soundly within the discretion of the trial court. State v. Clark (Nov. 22, 2000), Montgomery App. No. 17839, citing State v. Pritchard
(Nov. 26, 1999), Hamilton App. No. C-990148, in turn citingHill, supra, at 333.
 {¶ 20} In our judgment, for the reasons discussed in response to the first three assignments of error, the trial court acted well within its discretion in determining that Butler's motion did not warrant an evidentiary hearing. Accordingly, Butler's fourth assignment of error is overruled.
 {¶ 21} Having overruled Butler's four assignments of error, we affirm the judgment of the trial court.
Fain, P.J. and Wolff, J., concur.