OPINION
{¶ 1} Defendant-appellant, Mark R. Russell, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for a new trial. Because the trial court did not abuse its discretion, we affirm that judgment.
 {¶ 2} On November 1, 2001, appellant was charged with one count of murder in violation of R.C. 2903.02 and a firearm specification pursuant to R.C. 2941.145. The charge arose in connection with the death of Kenneth Sartin. Appellant entered a not guilty plea to the charge and proceeded to a jury trial. The jury found appellant guilty of one count of murder with the firearm specification. The trial court sentenced appellant accordingly. This court affirmed appellant's conviction. Statev. Russell, Franklin App. No. 03AP-666, 2004-Ohio-2501.
 {¶ 3} After appellant filed a notice of appeal from his conviction, he filed a motion for a new trial pursuant to Crim.R. 33. Appellant raised three grounds for a new trial in his motion: (1) improper impeachment of appellant with his prior inconsistent statements; (2) denial of his request to play audio and video tapes of his previous statements; and (3) exclusion of evidence. The trial court did not address appellant's motion until after this court affirmed appellant's conviction. The trial court denied appellant's motion based on res judicata, noting that appellant's arguments were raised or could have been raised in the trial court or in his direct appeal.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erred when it denied appellant's motion for new trial without a hearing based on the doctrine of res judicata.
 {¶ 5} A motion for new trial pursuant to Crim. R. 33 is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. Statev. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. It is also within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrants an evidentiary hearing. Statev. Clark (Nov. 22, 2000), Montgomery App. No. 17839, citingState v. Hill (1992), 64 Ohio St.3d 313, 333. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 6} The trial court denied appellant's motion for a new trial, without a hearing, based on res judciata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk, 77 Ohio St.3d 93, 96,1996-Ohio-337; State v. Perry (1967), 10 Ohio St.2d, 175, paragraph nine of the syllabus. Appellant concedes in his motion that he raised the second ground for relief in his direct appeal to this court and that the second ground for relief is now barred by res judicata. We agree. Russell, supra, at ¶ 39. He contends, however, that the first and third grounds were never raised and therefore are not barred by res judicata. We disagree.
 {¶ 7} Not only does res judicata bar appellant from raising issues that were raised in his direct appeal, it also bars issues that could have been raised in that appeal. Szefcyk, supra. Appellant's first and third grounds for a new trial involve alleged irregularities that occurred during his trial and are part of the trial record. Appellant cites no reason why he was prevented from raising these issues in his direct appeal to this court. Because appellant could have raised these issues in his direct appeal, they are barred by res judicata. State v. Stark,
Montgomery App. No. 19515, 2004-Ohio-670, at ¶ 7 (affirming application of res judicata to deny defendant's claims of alleged trial error that should have been raised on direct appeal);State v. Palmer (Oct. 20, 1999), Belmont App. No. 96-BA-70 (affirming, on res judicata grounds, denial of motion for new trial based solely on facts within trial record). Accordingly, the trial court did not abuse its discretion when it denied appellant's motion for a new trial. The trial court also did not abuse its discretion when it denied appellant's motion without a hearing because the application of res judicata to appellant's claims was clear.
 {¶ 8} Appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Sadler, J., concur.