[Cite as *State v. Hayden*, 2017-Ohio-9308.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27589 |
| | : | |
| v. | : | Trial Court Case No. 90-CR-308 |
| | : | |
| ROBERT O. HAYDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

ROBERT O. HAYDEN, Inmate No. #226375, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Robert O. Hayden appeals pro se from the trial court's denial of his motion for a new trial.

{¶ 2} Hayden advances two assignments of error. First, he contends the trial court erred in denying his motion because prosecutorial misconduct deprived him of a fair trial. Second, he claims the trial court erred in denying his motion because he is innocent of a rape charge on which he was convicted.

{¶ 3} The record reflects that in 1990 Hayden was convicted of raping his girlfriend. He received a sentence of 10 to 25 years in prison. Since then, we have resolved at least nine appeals related to Hayden's conviction. *See State v. Hayden*, 2d Dist. Montgomery No. 12220, 1991 WL 215065 (Sept. 27, 1991) (*Hayden I*); *State v. Hayden*, 2d Dist. Montgomery No. 16497, 1997 WL 752614 (Dec. 5, 1997) (*Hayden II* ); *State v. Hayden*, 2d Dist. Montgomery No. 17649, 1999 WL 960968 (July 16, 1999) (*Hayden III*); *State v. Hayden*, 2d Dist. Montgomery No. 20657, 2005-Ohio-4024 (*Hayden IV*); *State v. Hayden*, 2d Dist. Montgomery No. 20747, 2005-Ohio-4025 (*Hayden V*); *State v. Hayden*, 2d Dist. Montgomery No. 21764, 2007-Ohio-5572 (*Hayden VI*); *State v. Hayden*, 2d Dist. Montgomery No. 23620, 2010-Ohio-3908 (*Hayden VII*); *State v. Hayden*, 2d Dist. Montgomery No. 24992, 2012-Ohio-6183 (*Hayden VIII*); *State v. Hayden*, 2d Dist. Montgomery No. 26524, 2015-Ohio-3262 (*Hayden IX*). In addition to an unsuccessful direct appeal, these prior actions involved numerous motions for post-conviction relief, DNA testing, and a new trial.[1]

---

[1] Of the nine prior appeals mentioned above, the only successful one involved the trial court's denial of post-conviction relief without a hearing. In *Hayden II*, we reversed and remanded for a hearing. The trial court subsequently denied post-conviction relief after

{¶ 4} In his most recent appeal, Hayden challenges the trial court's denial of a new-trial motion he filed on January 26, 1017. Therein, he asserted that the trial testimony of prosecution witness Laura Kiddon, a criminalist of the Miami Valley Regional Crime Lab, exonerated him. (Doc. #15 at 3). Specifically, he claimed Kiddon had testified that his "blood group" was not found in semen taken from the victim's vaginal swab or vaginal aspirate. (*Id.*). The trial court overruled the motion in a February 7, 2017 decision and entry.[2] (Doc. #16). On May 18, 2017, Hayden appealed from the trial court's ruling. (Doc. #20). On June 23, 2017, we deemed satisfied a show-cause order questioning the timeliness of Hayden's appeal and allowed the appeal to proceed.

{¶ 5} In his first assignment of error, Hayden reiterates his claim that he is entitled to a new trial based on Kiddon's trial testimony and a lab report about which she testified. According to Hayden, Kiddon testified that based on "PGM" blood typing, which involves enzyme testing, she only found the victim's type on a vaginal swab. Hayden asserts that this testimony entitles him to a new trial. He also argues that the prosecutor engaged in misconduct by arguing that the semen at issue was his. In his second assignment of error, Hayden insists, based on the argument raised in his first assignment of error, that he is

---

holding a hearing, and this court affirmed in *Hayden III*.

[2] On March 24, 2017, Hayden filed an affidavit in support of his new-trial motion, which the trial court had denied approximately six weeks earlier. The affidavit alleged perjury by Kiddon and misconduct by the prosecutor in eliciting testimony from Kiddon about Hayden not being able to be excluded as the perpetrator of the rape. Hayden asserted that the absence of his blood group from the victim's vaginal swab and vaginal aspirate did exclude him. He also asserted that the prosecutor committed misconduct in closing arguments by insisting that the semen at issue was his. On May 16, 2017, the State asked the trial court to strike Hayden's affidavit because it related to a motion that already had been overruled. (Doc. #19). Hayden then filed his notice of appeal two days later, before any ruling by the trial court on the State's motion to strike the affidavit.

innocent of the rape charge.

{¶ 6} Upon review, we conclude that Hayden's assignments of error fail for at least four reasons. First, his new-trial motion was extraordinarily untimely under both R.C. 2945.80 and Crim.R. 33(B). Hayden was convicted in 1990, his new-trial motion does not involve any newly-discovered evidence, and the trial court made no finding about him being unavoidably prevented from timely filing. Second, Hayden did not request leave to file his untimely new-trial motion. Third, res judicata bars consideration of the arguments raised in Hayden's new-trial motion (and in the affidavit he filed after the trial court's ruling). It is well settled that res judicata precludes a defendant from raising in a new-trial motion any issues that were raised or could have been raised in his direct appeal. *State v. Videen*, 2d Dist. Montgomery No. 27479, 2017-Ohio-8608, ¶ 20; *State v. McCoy*, 2d Dist. Greene No. 04CA112, 2005-Ohio-6837, ¶ 13. Here Hayden's arguments relied on statements by the prosecutor at trial, testimony by Kiddon at trial, and a lab report used at trial. Therefore, all of the arguments could have been raised earlier. Fourth, it appears that Hayden's argument about blood typing actually has been raised. In *Hayden VIII*, we noted that "[s]amples from the vaginal swab and vaginal aspirate collected from the victim were examined by the Miami Valley Regional Crime Lab; the results of the sperm fraction of the vaginal aspirate were said to be inconclusive because the victim and Hayden had similar blood types." *Hayden VIII* at ¶ 3. In *Hayden IX*, Hayden argued, as he does now, that he was entitled to a new trial because "the blood type could only be attribute[able] to the victim." The trial court rejected this argument, and we affirmed, reasoning:

> * * * Hayden stated that "the blood type could only be attribut[able] to
> the alleged victim." In the direct appeal of Hayden's first petition for post-

conviction relief in 1999, and several times thereafter, we have noted "a similarity of blood types" between Hayden and the victim, which appears to have contributed to the difficulty in reaching a definitive DNA test result under the methods available in and before 1998. *Hayden III* at *1; *see also Hayden IV* at ¶ 5; *Hayden V* at ¶ 3; *Hayden VII* at ¶ 2. At no point in this case has an expert testified, has the trial court held, or have we stated that the "blood type could only be attribute[able] to the victim."

*Hayden IX* at ¶ 34.[3]

{¶ 7} Based on the foregoing analysis, we overrule Hayden's assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Heather N. Jans
Robert O. Hayden
Hon. Richard Skelton

---

[3] We note too that in the years following Hayden's conviction, he obtained DNA testing that went beyond the blood typing about which Kiddon testified at trial. That DNA testing failed to exonerate Hayden because the victim's vaginal aspirate produced data consistent with a mixture of his and the victim's DNA being present. *See Hayden IX* at ¶ 41 (Hall, J., concurring).