[Cite as *State v. Hayden*, 2020-Ohio-3818.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28611 |
| | : | |
| v. | : | Trial Court Case No. 1990-CR-308 |
| | : | |
| ROBERT O. HAYDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of July, 2020.

. . . . . . . . . . .

MATHIAS H. HECK JR. by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ROBERT O. HAYDEN, #A226-375, P.O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Robert O. Hayden appeals from the trial court's entry of summary judgment against him on his pro se "Motion to Void Judgment and Set Aside Conviction."

{¶ 2} Hayden advances two assignments of error. First, he contends the prosecutor deprived him of a fair trial in 1990 and violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2 215, by presenting perjured testimony. Second, he claims the trial court abused its discretion "when it failed to analysis [sic] Defendant-Appellant's Criminal Rule 52(B) as required by law."

{¶ 3} The record reflects that in 1990 Hayden was convicted of raping his girlfriend. Since then, we have resolved at least 10 appeals related to Hayden's conviction. *See State v. Hayden*, 2d Dist. Montgomery No. 12220, 1991 WL 215065 (Sept. 27, 1991) (*Hayden I*); *State v. Hayden*, 2d Dist. Montgomery No. 16497, 1997 WL 752614 (Dec. 5, 1997) (*Hayden II*); *State v. Hayden*, 2d Dist. Montgomery No. 17649, 1999 WL 960968 (July 16, 1999) (*Hayden III*); *State v. Hayden*, 2d Dist. Montgomery No. 20657, 2005-Ohio-4024 (*Hayden IV*); *State v. Hayden*, 2d Dist. Montgomery No. 20747, 2005-Ohio-4025 (*Hayden V*); *State v. Hayden*, 2d Dist. Montgomery No. 21764, 2007-Ohio-5572 (*Hayden VI*); *State v. Hayden*, 2d Dist. Montgomery No. 23620, 2010-Ohio-3908 (*Hayden VII*); *State v. Hayden*, 2d Dist. Montgomery No. 24992, 2012-Ohio-6183 (*Hayden VIII*); *State v. Hayden*, 2d Dist. Montgomery No. 26524, 2015-Ohio-3262 (*Hayden IX*); *State v. Hayden*, 2d Dist. Montgomery No. 27589, 2017-Ohio-9308 (*Hayden X*). In addition to an unsuccessful direct appeal, these prior actions involved numerous motions for post-

conviction relief, DNA testing, and a new trial.[1]

{¶ 4} In his most recent appeal, Hayden first argues that the trial court should have set aside his conviction because the State presented false trial testimony in 1990, thus violating his right to a fair trial and *Brady*. Hayden's argument is that two prosecution witnesses presented conflicting testimony about whether sperm and seminal fluid were found in samples taken from the victim. Hayden cites testimony from Dr. Charles Stemple, an emergency room physician, about not detecting any sperm or seminal fluid when examining a slide of a vaginal swab from the victim. (*See* page 139 of trial transcript excerpt attached to Hayden's December 3, 2019 appellate brief.) In light of Stemple's testimony, Hayden contends Miami Valley Regional Crime Lab forensic scientist Laura Kiddon, whose work involved serology and trace evidence, presented false testimony when she later testified that she did find sperm and seminal fluid in vaginal aspirate and on a vaginal swab taken from the victim. (*Id.* at pages 180-183.) Hayden also cites 1990 and 1998 lab reports from Kiddon mentioning the presence of sperm and seminal fluid in the samples she examined. He suggests that Stemple's testimony renders these reports from Kiddon "false."

{¶ 5} Hayden next contends the trial court erred in failing to analyze the foregoing argument as "plain error" under Crim.R. 52(B). He specifically challenges the trial court's finding that Crim.R. 52(B) provides no remedy in the present context.

{¶ 6} Upon review, we find no merit in either of Hayden's assignments of error. For

---

[1] Of the 10 prior appeals mentioned above, the only successful one involved the trial court's denial of post-conviction relief without a hearing. In *Hayden II*, we reversed and remanded for a hearing. The trial court subsequently denied post-conviction relief after holding a hearing, and this court affirmed in *Hayden III*.

the reasons set forth in the trial court's thorough ruling, we agree that Hayden's "Motion to Void Judgment and Set Aside Conviction" is, in substance, an untimely, successive petition for post-conviction relief. (*See* October 31, 2019, Decision, Order, and Entry at 8-10.) In order for the trial court to entertain the petition, Hayden was required to show (1) that he was unavoidably prevented from discovering the facts upon which he relies and (2) that but for constitutional error at trial no reasonable factfinder would have found him guilty. R.C. 2953.23(A).

{¶ 7} Most of the facts upon which Hayden relies were known at the time of his 1990 trial. As set forth above, he contends Stemple and Kiddon presented conflicting trial testimony about the presence of sperm and seminal fluid in samples taken from the victim. Because that alleged conflict appears on the face of the trial record, Hayden could have raised the issue many years ago. We reach the same conclusion with regard to the 1990 and 1998 lab reports from Kiddon. The existence of those reports has been known for many years, and their contents have been mentioned in prior litigation. But even on the merits, we are unpersuaded by Hayden's argument about an alleged discrepancy between the testimony of Stemple and Kiddon. The fact that Stemple testified about not finding sperm or seminal fluid fails to establish that Kiddon testified falsely when she claimed to have found such evidence. Stemple's failure to see sperm or seminal fluid on the slide that he examined does not prove Kiddon necessarily did not see sperm or seminal fluid on the samples she reviewed. It also could be that the examination performed by Kiddon, a serologist, was more thorough than the examination performed by Stemple, an emergency room doctor. In any event, this issue could have been raised many years ago, and the trial court correctly found that res judicata precludes Hayden

from pursuing it now. (*See* October 31, 2019, Decision, Order, and Entry at 10.)

{¶ 8} As for Hayden's argument about plain error and Crim.R. 52(B), the trial court correctly held that the rule provides no remedy here. We have recognized that plain-error review "is available only on direct appeal[.]" *State v. Shabazz*, 2d Dist. Greene No. 2017-CA-11, 2017-Ohio-7199, ¶ 10. Regardless, Hayden's argument about Kiddon's "false" testimony fails to establish any error at all.

{¶ 9} Finally, we note that on May 13, 2020, Hayden filed a "Motion of Correction of Record App.R. 9(c)(E)." Therein, he argues that he submitted a "statement" of the evidence on February 10, 2020, "seeking the truthfulness of the physical material evidence (semen) (sperm)." Hayden claims we improperly ordered his statement stricken from the record on February 18, 2020. His present motion appears to ask us to order the trial court to correct the record "to conform the truth concerning the material evidence in this case."

{¶ 10} Upon review, we find Hayden's "Motion of Correction of Record App.R. 9(c)(E)" to be without merit. The February 10, 2020 "statement" of evidence at issue referenced the transcript from Hayden's 1990 rape trial. It appears that he wanted the testimony from Stemple and Kiddon discussed above to be made part of the record in this appeal or, alternatively, for a narrative statement of the testimony to be prepared. On February 18, 2020, we struck Hayden's statement from the appellate record, finding that it was inappropriate and did not comply with App.R. 9. We noted, however, that if we needed to review transcripts of prior proceedings we would order them to be transferred into this appeal. Having now disposed of the substantive arguments raised in Hayden's appeal, we see no need for supplementing the record with any "statement," which is what

his "Motion of Correction of Record App.R. 9(c)(E)" addresses. For present purposes, we simply have elected to consider and review the trial transcript excerpts attached to Hayden's appellate brief, given that they involve the same underlying trial court case.

{¶ 11} For the foregoing reasons, we overrule Hayden's May 13, 2020 "Motion of Correction of Record App.R. 9(c)(E)." We also overrule the two assignments of error set forth above. The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Robert O. Hayden
Hon. Mary Katherine Huffman