JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Thomas Frazier ("Frazier"), pro se, appeals, the trial court's denial of his "Motion pursuant to Crim. Rule (52-B) Plain Error EFFECTING [sic] Substantial Rights. Not to be construed as a R.C. 2953.21 Petition for POST Conviction Relief." Finding no merit to the appeal, we affirm.
 {¶ 2} In August 1995, Frazier pled guilty to charges in two separate cases. In CR-320159, he pled guilty to drug trafficking and having a weapon while under disability.[1] In CR-322046, he pled guilty to failure to comply with the order of a police officer, having a weapon while under disability, drug trafficking, vandalism, and two counts of assault on a police officer.[2] Frazier was sentenced to seven to fifteen *Page 3 
years in prison, to be served consecutively to six years in prison for the firearm specifications.
 {¶ 3} On April 10, 2003, Frazier moved for judicial release under R.C.2929.20. The trial court granted his motion, thereby placing him on community control sanctions for four years. In May 2004, Frazier was found in violation of his community control sanctions and the trial court returned him to prison. The trial court journalized this entry on June 15, 2004.
 {¶ 4} In August 2004, Frazier filed a motion for jail time credit, which the trial court granted. However, he continued to assert that the jail time calculations were incorrect. Subsequently, on August 5, 2005, he filed a motion for declaratory judgment alleging that the calculations of the Department of Rehabilitation and Corrections were incorrect. The trial court denied the motion on August 18, 2005. Frazier filed an appeal in September 2005, challenging the trial court's denial of his motion for declaratory judgment related to the calculation of jail time credit. In June 2006, we affirmed the trial court's decision and found that:
 "Pursuant to R.C. 2967.191, appellant [Frazier] is not entitled to any jail time credit for any period of incarceration which arose from facts separate and apart from those facts on which his current sentence is based. Morgan, supra, at syllabus. Thus, the DRC [Department of Rehabilitation and Corrections] was correct in not crediting time earned pursuant to appellant's gun specification conviction. That sentence ran first and has terminated. Appellant's current incarceration stems from probation violations from convictions other than his gun specification conviction. Furthermore, the record supports the DRC's understanding of appellant's status pertaining to his prior incarceration. State v. Frazier, Cuyahoga App. No. 86984, 2006-Ohio-3023. *Page 4 
 {¶ 5} Meanwhile, Frazier filed a "Crim. Rule (52-B) Motion," alleging that his constitutional rights were violated by the trial court's sentence after he was found to have violated his community control sanctions in June 2004. The trial court denied the motion in May 2006.
 {¶ 6} Frazier appeals the denial of the motion, raising two assignments of error. In his first assignment of error, he argues that the trial court abused its discretion by denying his pro se application for relief when the record shows the existence of a manifest miscarriage of justice. In his second assignment of error, he argues that the June 15, 2004 journal entry by the trial court regarding his resentencing offended basic fairness and inherently violated multiple amendments to the United States Constitution. We will address both assignments of error together because they involve the same standard of review.
 {¶ 7} Initially, we note that Frazier's notice of appeal pertains only to the trial court's denial of his "Crim. Rule (52-B)" motion. However, no such motion exists under Crim.R. 52(B), which provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, such a motion is not recognized under the Ohio Rules of Criminal Procedure to challenge a criminal sentence.
 {¶ 8} Furthermore, we find that the doctrine of res judicata prevents this court from reviewing the issues Frazier could have raised in a timely appeal. Errors of law *Page 5 
that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 9} In the instant case, Frazier possessed the opportunity through a direct or delayed appeal to challenge the issues he now raises, including the trial court's resentencing in June 2004 when the trial court found he violated his community control sanctions. Instead, Frazier waited more than one year to challenge his sentence by filing a motion which is not recognized under Ohio's Rules of Criminal Procedure. Therefore, because he failed to timely appeal his sentence, he has waived his right to review of the issues raised herein.
 {¶ 10} Therefore, both assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
COLLEEN CONWAY COONEY, JUDGE
FRANK D. CELEBREZZE, JR., A.J. and PATRICIA ANN BLACKMON, J. CONCUR
[1] Both charges in CR-320159 carried firearm and violence specifications.
[2] The weapon-under-disability charge in CR-322046 carried firearm and violence specifications. The remaining charges carried a violence specification. *Page 1