WIEBUSCH, Appellant,

v.

WIEBUSCH, Appellee.

[Cite as *Wiebusch v. Wiebusch,* 186 Ohio App.3d 237, 2010-Ohio-504.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23014.

Decided Feb. 12, 2010.

238

James R. Kirkland, for appellant.

Charles D. Lowe, for appellee.

GRADY, Judge.

{¶ 1} Thomas L. Wiebusch appeals from an order of the domestic relations court that modified his child-support obligation to his former spouse, Teresa Wiebusch.

{¶ 2} Thomas [1] and Teresa were divorced in 2004. Teresa was granted custody of the parties' minor child. Thomas was ordered to pay child support. On September 22, 2006, Teresa moved to increase Thomas's child-support obligation. The matter was referred to a magistrate.

{¶ 3} Thomas is a member of the United States Air Force and is stationed in Germany. In addition to his base pay and housing allowance, Thomas receives a monthly cost-of-living allowance ("COLA") of $953.41 to defray the higher cost of living in Germany. Thomas began receiving the COLA subsequent to the court's most recent child-support order. Teresa asked for an increase in child support based on the COLA Thomas now receives.

{¶ 4} The most recent child-support order also included a downward deviation of $1,282.15 from the amount of support that Thomas would otherwise owe, based on travel expenses he could incur in exercising his rights of parenting time. Thomas was then stationed in Texas, and the expenses were for airfare and lodging. Teresa argued that Thomas is not entitled to the deviation, because he has failed to exercise his parenting-time rights since the deviation was ordered.

{¶ 5} The magistrate conducted a hearing on the motion and, following that, filed a written decision. The magistrate declined to include Thomas's COLA in calculating his gross income for purposes of child support, citing our holding in *Ford v. Ford* (Nov. 22, 1996), Montgomery App. No. 15613, 1996 WL 685787. The magistrate also declined to modify the prior downward deviation for travel expenses, finding that Thomas's failure to exercise his parenting-time rights is chargeable to Teresa because she refused to allow Thomas parenting time with their child.

{¶ 6} Teresa filed objections to the magistrate's decision. The domestic relations court sustained Teresa's objection that Thomas's COLA should be included in his gross income for calculation of his child-support obligation, relying on R.C. 3119.01(C)(7). The court also sustained Teresa's objection regarding the magistrate's failure to modify the prior downward deviation for Thomas's travel expenses. The court then computed Thomas's annual gross income for purposes of calculation of his child-support obligation as $91,170, and ordered his obligation increased accordingly, retroactive to September 22, 2006, the date Teresa's motion was filed.

{¶ 7} Thomas filed a notice of appeal from the trial court's order.

FIRST ASSIGNMENT OF ERROR

■ {¶ 8} "The trial court erred in including appellant's cost of living allowance (COLA) in gross income for the purposes of child support."

---

1. For clarity and convenience, the parties are identified by their first names.

{¶ 9} "When reviewing a child support order, we apply the abuse of discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142[, 541 N.E.2d 1028]. 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 10} " 'A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.' *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161[, 553 N.E.2d 597]." *Fink v. Fink*, Montgomery App. No. 08CA24, 2009-Ohio-4948, 2009 WL 2998119, ¶ 5–6.

{¶ 11} In *Ford v. Ford* (Nov. 22, 1996), Montgomery App. No. 15613, 1996 WL 685787, the parties stipulated that a service member's COLA "is an entitlement given to soldiers to defray the high cost of living expenses while stationed in Germany." We wrote: "As a play on words, the increase in pay for service in Germany possibly could be viewed as a cost of living allowance, but as a matter of substance, the adjustment in money rates merely puts the appellant on a monetary par with military personnel serving in the United States. The entitlement does not give any additional purchasing power to Sergeant Ford and reasonable support payments necessarily must be attuned to what the American dollar will buy at the marketplace.

{¶ 12} " * * * Call it what you may, the increase given Ford for service overseas was not a COLA in the traditional sense. Indeed, such amount did not change the monetary potential of either Mr. or Mrs. Ford relative to the support of their son, and in the application of the guidelines, therefore, the monies derived from the foreign exchange rate should have been disregarded."

{¶ 13} R.C. 3119.022 sets forth the child-support calculation worksheet for a sole-residential-parenting order, which is the form of order in this case. Item 1.a. of the worksheet requires the court to enter the "[a]nnual gross income from employment" for each parent in calculating their total gross income. R.C. 3119.01(C)(7) provides:

{¶ 14} "Gross income includes income of members of any branch of the United States armed services or national guard, including, amounts representing base pay, basic allowance for quarters, basic allowance for subsistence, supplemental subsistence allowance, *cost of living adjustment,* specialty pay, variable housing

allowance, and pay for training or other types of required drills; self-generated income; and potential cash flow from any source." (Emphasis added.)

{¶ 15} A provision similar to R.C. 3119.01(C)(7) was in effect when *Ford* was decided. However, R.C. 3119.01(C)(7) was enacted subsequent to our holding in *Ford,* and it reaffirms the General Assembly's mandate to include a service member's COLA in calculation of his gross income for child-support purposes. That mandate is irreconcilable with our holding in *Ford.* We therefore overrule our holding in *Ford,* to the extent that it conflicts with R.C. 3119.01(C)(7).

{¶ 16} R.C. 3119.01(C)(7)(e) provides that a parent's gross income does not include "[n]onrecurring or unsustainable income or cash flow items." Such items are defined by R.C. 3119.01(C)(8) to mean "an income or cash flow item the parent receives in any year or for any number of years not to exceed three years that the parent does not expect to continue to receive on a regular basis."

{¶ 17} Thomas argues that his COLA falls within the R.C. 3119.01(C)(7)(e) exception because "most often a service member is assigned to a duty station for a period of two to four years," and "[a] service member cannot and does not expect to continue to receive the COLA entitlement beyond the time that the service member is stationed in a COLA qualified zone."

{¶ 18} A cost-of-living allowance that is a part of a parent's gross income pursuant to R.C. 3119.01(C)(7) may nevertheless be excluded from that computation pursuant to R.C. 3119.01(C)(7)(e) if the domestic relations court finds that the particular allowance fits the R.C. 3119.01(C)(8) definition. However, the record does not reflect that any evidence was offered in the hearings before the magistrate that would permit a finding that the R.C. 3119.01(C)(7)(e) exception applies in this case. Neither did Thomas object to the magistrate's failure to apply the R.C. 3119.01(C)(7)(e) exception to his COLA. Therefore, on this record, Thomas waived his right to argue on appeal that the domestic relations court abused its discretion in failing to except his COLA from its calculation of his gross income. Civ.R. 53(D)(3)(b)(iv).

{¶ 19} The trial court did not err when, on this record, the court construed R.C. 3119.01(C)(2) to require inclusion of Thomas's COLA in his gross income for purposes of calculating his child-support obligation. The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 20} "The trial court erred in not granting a downward deviation in child support due to extraordinary travel expenses."

{¶ 21} The domestic relations court modified its prior order by vacating the downward deviation in Thomas's child-support obligation on the basis of

travel expenses he anticipated he would incur in exercising his rights of parenting time when he lived in Texas. The court found that Thomas is not entitled to the deviation because he did not actually incur those expenses. Thomas argues that the court erred, because his failure to actually incur the travel expenses resulted from Teresa's refusal to allow him to exercise his rights of parenting time.

{¶ 22} R.C. 3119.22 authorizes the court to "order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet [when that amount] would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.23(A) through (O) set out specific factors the court may consider in ordering a deviation. Division (D) of that section authorizes the court to consider "extraordinary costs associated with parenting time, provided that this division *does not authorize and shall not be construed as authorizing any deviation from the schedule and applicable worksheet * * * because of a denial of or interference with a right of parenting time granted by court order.*" (Emphasis added.)

{¶ 23} The grounds for the deviation Thomas requested are the very grounds for which R.C. 3119.23(D) prohibits a deviation. Furthermore, it would not be in the best interest of the minor child to deny the child the benefit of monies he is due for child support, and it would be unjust or inappropriate to instead allow Thomas to retain those monies when nothing would otherwise prevent him from devoting them to payment of his child-support obligation. The trial court did not abuse its discretion when it vacated the prior deviation it had ordered.

{¶ 24} We do not hold that Thomas cannot be awarded a downward deviation for extraordinary costs associated with his exercise of his parenting-time rights. We merely agree that on this record, the domestic relations court did not abuse its discretion when it vacated the downward deviation it had ordered. Thomas may yet seek a deviation, based on costs he incurs in exercising his rights in or from Germany. Whether he must first incur such costs and whether they are necessary and reasonable are questions committed to the sound discretion of the domestic relations court.

{¶ 25} The second assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN, J., concurs.

DONOVAN, P.J., concurs in part and dissents in part.

DONOVAN, Presiding Judge, concurring in part and dissenting in part.

{¶ 26} I agree with the majority's resolution of the first assignment of error, but disagree with its resolution of the second assignment.

{¶ 27} Ohio has a strong public policy of supporting a close relationship between minor children and their divorced parents. This is so because it is in the best interest of the minor child to have a close relationship with both. The expenses of transporting a minor child for visitation is a child-rearing expense like any other. Likewise, the expense of a military man traveling from overseas to visit his child is a recognizable extraordinary expense. This was appropriately recognized by the magistrate.

{¶ 28} R.C. 3119.23 provides the framework for arriving at a fair and equitable level of child support. The expense of visitation must be evaluated within this framework. R.C. 3119.23(D) allows a deviation downward for "extraordinary costs associated with parenting time." There is a substantial expense associated with a commercial flight from Germany to the United States. Thomas should be given an appropriate adjustment to his support obligation for these expenses while in service to his country. I would conclude that the trial judge abused her discretion in vacating the downward deviation.

{¶ 29} Accordingly, I would sustain the second assignment of error.

### In re J.C. et al.

[Cite as *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637.]