[Cite as *State v. Shabazz*, 2017-Ohio-7199.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 1988-CR-105 |
| | : | |
| JAMIL A. SHABAZZ, fka GARRETT S. BRANDON | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| *Defendant-Appellant* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of August, 2017.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JAMIL A. SHABAZZ, Inmate No. 541-031, AOCI, P.O. Box 4501, Lima, Ohio 45802
        Defendant-Appellant-Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jamil Shabazz, formerly known as Garrett Brandon, appeals pro se from the denial of his motion for Crim.R. 52(B) relief.[1]   Shabazz contends that the trial court erred by construing his motion as one for either postconviction relief under R.C. 2953.21 or one for a new trial under Crim.R. 33.   He further contends that the trial court erred by finding that he did not present evidence that he was unavoidably delayed in discovering new evidence.

{¶ 2} We conclude that the trial court did not err in finding that Crim.R. 52(B) does not provide a mechanism for obtaining postconviction relief.   We also conclude that the trial court did not err by construing Shabazz's motion as one for postconviction relief or a new trial.   Finally, the trial court did not abuse its discretion in determining that Shabazz failed to demonstrate that he was timely in filing his motion.   Thus, we conclude that the trial court did not err in denying relief.   Accordingly, the judgment of the trial court is affirmed.

### I. Procedural History

{¶ 3} This case arises from the 1988 death of Stephon Johnson who was shot while on the campus of Central State University (CSU).   At trial, the State presented evidence that Shabazz, Terrance Burgan, Frank Minor, Leonard Collins, Randy Brown and Van Cox were members of an organization known as the Mad Dogs.   On February 6, 1988, Shabazz was involved in an altercation with Johnson's brother.   On the morning

---

[1] At some point after the direct appeal of his conviction, Brandon legally changed his name to Shabazz.   Like the trial court, we will refer to him as Shabazz.

of February 8, 1988, Shabazz informed his group that the Johnson brothers and their friends were on campus, carrying bats and guns, looking for Shabazz. The six members of the Mad Dogs drove to the CSU campus in two different cars. Some of the members, including Shabazz, carried firearms. Johnson was shot and killed by Frank Minor.

{¶ 4} In March 1988, Shabazz was indicted on one count of complicity to murder, one count of inciting violence, one count of aggravated riot and one count of involuntary manslaughter. All four counts carried attendant firearm specifications. Following a jury trial, Shabazz was convicted of all charges except complicity to murder. He was sentenced to a prison term of eight years to 28 years. Shabazz filed a direct appeal, and this court affirmed the judgment of the trial court. *State v. Brandon*, 2d Dist. Greene No. 88 CA 57, 1989 WL 72232 (June 28, 1989), *appeal dismissed* 47 Ohio St.3d 705, 547 N.E.2d 986 (1989).

{¶ 5} On December 12, 2016, Shabazz, acting pro se, filed a document entitled "52(B) Plain Error Motion Base on Ineffective Assistance and False testimony Provided by State's Witnesses." In the motion, Shabazz alleged that new evidence demonstrated that Burgan and the other members of the Mad Dogs lied about Shabazz's involvement in Johnson's death. The evidence consisted of a 2009 statement under oath Burgan gave to Shabazz's counsel. In the statement, Burgan asserted that Shabazz was "not there" when Johnson was killed. Burgan further stated that he and the other remaining co-defendants lied about Shabazz's involvement due to pressure and promises made by the authorities. When asked whether he had recanted his story prior to the deposition, Burgan replied, "No, I never had a chance to." Dkt. No. 82.

{¶ 6} The State filed a response in which it asserted that Crim.R. 52(B) was not a

viable method for challenging the conviction. The State argued that Shabazz's motion should be considered either a motion for a new trial under Crim.R. 33 or a petition for postconviction relief. The State further argued that the motion was not timely filed. Shabazz filed a response in which he insisted that his motion was a plain error motion under Crim.R. 52(B). He further stated that he did not have the evidence to support his claim until 2016.

{¶ 7} The trial court agreed with the State that the motion was actually one for postconviction relief or new trial, and that Crim.R. 52 did not provide the relief sought by Shabazz. The trial court found that the motion for relief was untimely and, thus, overruled the motion. Shabazz appeals.

## II. Analysis

{¶ 8} Shabazz presents the following four assignments of error:

TRIAL COURT ERRED WHEN IT DENIED APPELLANT MOTION FOR 52(B) PLAIN ERROR VIOLATION OF HIS SUBSTANTIAL RIGHTS BASED ON FALSE TESTIMONY BY STATE'S KEY WITNESSES.

TRIAL COUNSEL VIOLATED THE SUBSTANTIAL RIGHTS OF APPELLANT A 52(B) PLAIN ERROR, DURING TRIAL AND APPEAL DUE TO SIXTH AMENDMENT RIGHT VIOLATION AND CONFLICT OF INTEREST.

TRIAL COURT ERRED WHEN IT ALLOWED PROSECUTORIAL MISCONDUCT AND ABUSE OF DISCRETION VIOLATING THE SUBSTANTIAL RIGHTS OF APPELLANT A 52(B) PLAIN ERROR.

WOULD THE OUTCOME OF THE CASE BEEN DIFFERENT IF IT WASN'T FOR THE 52(B) SUBSTANTIAL RIGHTS VIOLATION OF THE STATE, TRIAL COURT AND TRIAL COUNSEL.

{¶ 9} Initially, we note that Shabazz's notice of appeal pertains only to the trial court's denial of his Crim. Rule 52(B) motion. Further, in all of his assignments of error, Shabazz argues that he is entitled to relief under Crim.R. 52(B) because the State, trial counsel and the trial court permitted him to be convicted based upon false testimony provided by the State's witnesses. Specifically, he claims that Burgan's statement under oath proves that Burgan and the other Mad Dog members provided false testimony implicating Shabazz in Johnson's death.

{¶ 10} Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "However, the plain-error standard in Crim.R. 52(B) is available only on direct appeal and 'does not create a free-standing procedure to obtain review otherwise.' " *State v. Strickland*, 10th Dist. Franklin No. 14AP-307, 2014-Ohio-5105, ¶ 15, quoting *State v. Ayala*, 10th Dist. Franklin Nos. 12AP-1071, 12AP-1072, 2013-Ohio-1875, ¶ 14, citing *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *Accord*, *State v. Frazier*, 8th Dist. Cuyahoga No. 88331, 2007-Ohio-1851, ¶ 7.

{¶ 11} Thus, although Shabazz insists that his motion is properly brought as a Crim.R. 52(B) motion, we agree with the trial court that the motion is more properly considered a petition for postconviction relief under R.C. 2953.21 or a motion for new trial under Crim.R. 33. This court has noted that "no name" or irregular motions "must be categorized by a court in order for the court to know the criteria by which the motion

should be judged." *State v. Clark*, 2017-Ohio-120, __N.E.3d__, ¶ 12 (2d Dist.), quoting *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10. "Under certain circumstances, it is also appropriate for courts to recast motions that are unambiguously named and presented under a specific rule when said rule has no application to the judgment at issue." *Id.*, citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431.

{¶ 12} We first address the trial court's finding that Shabazz is not entitled to relief under R.C. 2953.21(A)(2). That statute provides that a post-conviction petition must be filed "no later than 360 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." The "[f]ailure to comply with filing requirements under R.C. 2953.21(A)(2) deprives trial courts of jurisdiction to consider the merits of post-conviction petitions." *State v. Myers*, 2d Dist. Clark No. 2002-CA-73, 2003-Ohio-915, ¶ 11. R.C. 2953.23(A) allows relief from the 360 day limitation period in certain instances. The only instance potentially applicable to this case is a demonstration that the petitioner was unavoidably prevented from discovery of the facts supporting the petition and further demonstrates that but for the constitutional error "no reasonable factfinder would have found the petitioner guilty" of the offenses at issue. R.C. 2953.23(A)(1)(b). The term "unavoidably prevented" means that the petitioner was not aware of the supporting facts and could not have discovered the facts through the exercise of reasonable diligence. *State v. Rainey*, 2d Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. Shabazz's motion does not attempt to demonstrate such unavoidable delay. Shabazz, in short, failed to comply with the time limitation for filing a

petition for postconviction relief. Thus, the trial court did not err in denying the motion on this basis.

{¶ 13} We next turn to Crim.R. 33 which provides:

(A) A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

* * *

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.

(B) * * *

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 14} "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.' " *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.), quoting *State v. Morgan*, 3rd Dist. Shelby No. 17–05–26, 2006-Ohio-145, ¶ 7. "[A] party is

unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *Id.*, quoting *State v. Walden*, 19 Ohio App.3d 141, 145–146, 483 N.E.2d 859 (10th Dist. 1984). "Clear and convincing proof" is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. McConnell*, 2d Dist. Montgomery No. 24315, 2011-Ohio-5555, ¶ 14, quoting *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990).

{¶ 15} We review a trial court's determination of a Crim.R.33 motion under an abuse-of-discretion standard. *McConnell*, at ¶ 16. An abuse of discretion occurs when the trial court exhibits an attitude that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Wiebusch v. Wiebusch*, 186 Ohio App.3d 237, 2010-Ohio-504, 927 N.E.2d 64, ¶¶ 9-10 (2d Dist.). "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Fink v. Fink*, 2d Dist. Champaign No. 08CA24, 2009-Ohio-4948, ¶ 5–6, quoting *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} Shabazz does state that he could not file the motion for relief until he

received Burgan's statement in 2016. However, Burgan's 2009 statement was obtained by Shabazz's attorney and there is no explanation concerning why, given this, Shabazz was not able to obtain the statement until 2016. Further, Shabazz, it would seem, at least had knowledge in 2009 that Burgan was willing to recant his trial testimony.

{¶ 17} On this record, there is simply no way to determine when Shabazz became aware of Burgan's willingness to recant his testimony. However, the record does show that Burgan testified at trial and was cross-examined by counsel for Shabazz. Thus, Shabazz was aware, during the trial, of what he considered to be false testimony.

{¶ 18} The record in this case does not amount to clear and convincing evidence that Shabazz was unavoidably prevented from discovering the evidence within the time limit. Without more, the trial court properly denied Shabazz's request for a hearing to present his new evidence.

{¶ 19} Finally, although not raised as an assignment of error, Shabazz claims that the trial court should not have decided his Crim.R. 52(B) motion because the judge was the prosecuting attorney at the time of the offenses.

{¶ 20} "The disqualification of a judge is an extraordinary remedy." *Dibert v. Carpenter*, 2d Dist. Champaign No. 2015-CA-18, 2017-Ohio-689, ¶ 87, quoting *In re Disqualification of Capper*, 134 Ohio St.3d 1271, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 26. R.C. 2701.03 sets forth the exclusive procedure for seeking disqualification of a common pleas court judge for claimed prejudice. *Id.* at ¶ 88, quoting *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995). The statute requires that a complainant file an affidavit with the Ohio Supreme Court. "A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the

trial court on that basis." *Easterling v. Hafer*, 2d Dist. Montgomery No. 24950, 2012-Ohio-2101, ¶ 9. The record is devoid of any indication that Shabazz filed an affidavit with the Ohio Supreme Court as required by R.C. 2701.03, and we have no authority to review this claim.

{¶ 21} We conclude that Shabazz has failed to demonstrate that he has met the jurisdictional time limits for filing a petition for postconviction relief, and he has failed to demonstrate that he was unavoidably prevented from discovering his new evidence as required by Crim.R. 33. Accordingly, all of the assignments of error are overruled.

## III. Conclusion

{¶ 22} All of Shabazz's assignments of error are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Nathaniel R. Luken
Jamil A. Shabazz
Hon. Stephen Wolaver