Houck, J.
The parties occupy the same position in this court as in the court below.
This cause was tried to a jury at the October term, 1919, of the court of common pleas of Knox county, Ohio, upon the issues made in the second cause of action in plaintiff’s petition, the answer thereto, and the reply, and also upon the issues made in defendant’s cross-petition and the answer thereto, and resulted in a verdict for the defendant upon his cross-petition for the sum of $77.76. A motion for a- hew trial was filed by plaintiff, which was overruled and judgment entered for the defendant for the amount found due by the jury.
*161 The errors relied upon for a reversal of the judgment are as follows:
First. That the trial judge erred in his charge to the jury as to the law applicable to the construction of the following paragraph contained in the written contract sued upon:
“Any excess of timothy or clover seed that may be raised and not needed for re-seeding may be sold, and the proceeds divided equally; but if sufficient is not raised on the farms for such re-seeding, then the necessary seed shall be paid for jointly, and in the same manner shall also be paid for all other grain and seed required for the farms during the period covered by this agreement; and at the termination hereof the second party shall leave as much land on the farms seeded to clover and timothy, or seed to equalize the same, as was thus seeded April, 1915.”
The intention of the parties to a contract can only be determined by the language used therein. If the contract is clear upon its face and is not ambiguous, then it needs no construction or interpretation on the part of a court.
To us the language here in question is clear and plain of meaning, and but one construction or interpretation could properly be placed upon it, namely, that which the trial court gave it.
The trial court said to the jury:
“And now if Mr. McCammon, the defendant in this case, did seed down in the spring of 1918, to clover, an equal number of acres to that which was seeded down in 1915, he has done all the contract required in that regard.”
*162 We find and hold this to be the law, and clearly applicable to the language used in the contract and the proper interpretation thereof.
The only question then remaining for the jury to determine was as to whether or not McCammon had “seeded down” the required number of acres to clover. This being a question of fact, and the jury having found in favor of McCammon, from the evidence, we must and do find no prejudice to the rights of Dodd in this respect.
Second claimed error. That the verdict and judgment are not supported by the evidence and are contrary to law.
We will not discuss this further than to say that after a careful reading of all the evidence and an examination of the charge of the court we find the verdict of the jury, and the judgment entered on the verdict by the court, responsive to the proven facts and the law applicable thereto.
Third. That “misconduct of the jury” would warrant a reversal of the judgment.
In support of this claimed error counsel for plaintiff in error relies upon the facts set forth in his affidavit filed in support of this ground for a new trial, in his motion for same in the common pleas court, being as follows:
“Charles L. Bermont, the attorney for plaintiff, being first duly sworn, says: That in a talk with E. W. Breece, Robert Neiderhouser and C. C. Leiter, three of the jurors, who sat in the case of James F. Dodd v. Harry W. McCammon, which tálk took place on December 9, 1919, (being several days after the jury returned its verdict in said case) the following conversation, in substance, took place:
*163 “E. W. Breece said to affiant, ‘You didn’t expect to win your Dodd case, did you ?’
“To which affiant replied, ‘No, I do not have much confidence in our claim, neither did I think that the defendant would get a verdict on his cross-petition. I thought the jury would leave them about where they started.’
“To which remark Robert Neiderhouser replied, ‘That man Dodd has been at that kind of business so long that the jury thought it was about time to punish him a little.’
“To which affiant replied, ‘Had I known that you felt that way about it, you would not have been on that jury.’
“To which Neiderhouser replied, ‘You need not blame all of it on me, because Squire Welker knew all about it, as he had recently collected an account from one of Dodd’s tenants, for cleaning up after the tenant moved’.”
The general principle underlying all cases of misconduct of the jury, as ground for a new trial, is that such misconduct, in order to warrant the granting of a new trial, must be shown to have existed to such an extent as to affect the impartiality of the jury and clearly constitute a disqualification to properly exercise the powers of reason and judgment. Further, it matters not how improper such alleged conduct on the part of the jury may have been, if it was not caused by the prevailing party, or by anyone for him, or if it does not point to any improper prejudice or bias upon the minds of the jurors, unfavorable to the party seek *164 ing a new trial, the trial judge ought not to set aside the verdict and grant a new trial.
In the present case there is no claim that the prevailing party had any knowledge of the declared misconduct on the part of the jury.
Admitting all the claims of plaintiff in error as to the facts, they fall far short of making a case of misconduct. But if they did, the proof offered is not of such character that it could be considered by the trial court in passing upon the motion for a new trial.
It is a well settled proposition of law in this state that unless there is evidence aliunde, affidavits of jurors are not admissible to impeach their verdict.
Hence it follows that the' affidavit of an attorney who obtains his information at second hand, as to alleged misconduct of a jury, from one of the jurors who sat in the case, can not be received in an attempt to set aside the verdict.
The common pleas court did not err in refusing a new trial upon the ground of misconduct of the jury.
We are fully supported in the conclusion thus reached by the decisions in the following cases: Farrer v. State, 2 Ohio St., 54; Hulet v. Barnett, 10 Ohio, 459; Kent v. State, 42 Ohio St., 426; Parker v. Blackwelder, 7 C. C., 140, and Andrews v. State, 15 C. C., N. S., 241.
After a careful review of the record in this case, we find no errors of a prejudicial nature as against the plaintiff in error. We also find that a fair and impartial trial was had; that the verdict of the jury is clearly responsive to the evidence; and that the *165 lower court was fully authorized and warranted, under the facts and the law, in overruling the motion for a new trial.

Judgment affirmed.

Patterson and Sayre (of the Fourth Appellate District, sitting in place of Shields, J.), JJ.,concur.