Weygandt, C. J.
 

 The sole question of law before this court is whether the lower courts were in error in refusing to grant the plaintiff a new trial on the ground of misconduct on the part of one member of the jury.
 

 It is claimed that one of the ladies on the jury visited the scene of the accident and reported to the other jurors there was no hole in the pavement. At a h,ear
 
 *435
 
 ing on the motion for a new trial five of the six jurors were called and testified. One of them said:
 

 “Well, it was during the discussion in the deliberation room, just one of the members said, ‘I passed by there and I didn’t notice any depression.’ ”
 

 The lady denied various similar statements attributed to her and said that twice a day on her way to and from court she simply had passed that street intersection which is but one block from the court building.
 

 At the conclusion of the hearing the trial court held this testimony inadmissible for the purpose for which it was offered, namely, to impeach the verdict of the jury; and in the absence of evidence aliunde the motion for a new trial was overruled.
 

 It is the contention of the plaintiff that this court should extend the rule it announced in the syllabus in the case of
 
 Emmert
 
 v.
 
 State,
 
 127 Ohio St., 235, 187 N. E., 862, 90 A. L. R., 242, which is as follows:
 

 “Affidavits or testimony of jurors may be received, upon motion for new trial, to prove unlawful communications made to members of the jury by court officers or others, outside the jury room but during the period of the jury’s deliberation.”
 

 In that case one of the assignments of error was that the court, on a motion for a new trial, refused to hear the evidence of jurors tending to prove that the bailiffs in charge of the jury had had unlawful communication with some of its members, to the prejudice of the defendant. This court held that that evidence was admissible to show misconduct on the part of one
 
 not
 
 a member of the jury.
 

 ' In the instant case the alleged misconduct is that of a
 
 juror.
 

 Shall the rule be extended?
 

 This question has been before this court in numerous cases, and the decisions are summarized as follows in
 
 *436
 
 39 Ohio Jurisprudence, 1110, Sections 382 and 384:
 

 “It is a long established and a generally accepted doctrine, founded upon the ‘wisest reasons,’ of public policy, rather than upon any doctrine of estoppel, that the verdict of a jury may not be impeached by the testimony or affidavits of a member or members of the jury rendering the verdict, unless there is evidence aliunde impeaching, the verdict.
 

 “The policy of the law forbidding the impeachment of the verdict by affidavits of the juror is particularly exemplified when the attempt is to prove misconduct of the jurors while engaged in their deliberation, or for the purpose of showing improper motives or fraudulent or improper conduct of members of the jury. ’ ’
 

 This court is of the view that both reason and authority require an affirmance of the judgment of the Court of Appeals.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Sohng-en and Stewart, JJ., concur.
 

 Turner, J., not participating.