DIEHL, a MINOR, ET AL., APPELLANTS, *v.* WILMOT CASTLE
Co., APPELLEE.
DIEHL, APPELLANT, *v.* WILMOT CASTLE Co., APPELLEE.

(Nos. 1089 and 1090—Decided February 25, 1970.)

*Messrs. Lutz & Inscore,* for appellants.
*Messrs. Weldon, Huston & Keyser,* for appellee.

VAN NOSTRAN, P. J. These are consolidated appeals on questions of law from a refusal to grant a new trial.

The trial court entered a judgment for the defendant based upon the jury's verdict in an automobile collision case.

The only ground relied upon for reversal and a new trial is the alleged misconduct of one of the jurors.

In this proceeding we have only a partial bill of exceptions which shows only the evidence taken upon the hearing on the new trial motion. Such evidence consisted

solely of the depositions of the one juror and that of her husband. This evidence was admitted over strenuous objection.

The testimony of the juror was inadmissible because of the "aliunde rule." In *Wicker* v. *Cleveland* (1948), 150 Ohio St. 434, the one sentence syllabus is:

"In the absence of evidence aliunde, the verdict of a jury may not be impeached by the testimony of a juror concerning the alleged misconduct of a member thereof."

Black's Law Dictionary cites an Ohio Supreme Court case in stating the aliunde rule as follows:

"ALIUNDE RULE. A verdict may not be impeached by evidence of juror unless foundation for introduction thereof is first made by *competent* evidence aliunde, or from some other source. *State* v. *Adams*, 141 Ohio St. 423, 48 N. E. 2d, 861, 863, 146 A. L. R. 509." (Emphasis added).

The remaining question is whether the husband's deposition constituted competent evidence aliunde. We conclude that the husband's deposition was not competent because of the Privileged Communications and Acts statute relied upon by the defendant in making its objection to the introduction of the husband's deposition.

The objection was based upon Section 2317.02, Revised Code, which reads, in pertinent part, as follows:

"The following persons shall not testify in certain respects:

" * * *

"(C) Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness; and such rule is the same if the marital relation has ceased to exist."

The sole question for our decision becomes whether the depositions of this husband and wife are barred by this coverture-privilege statute.

The contents of all the deposition testimony show conclusively that the communications and acts of this one

juror and her husband were not in the known presence or hearing of a third person competent to be a witness.

The words of the statute are so plain as to present no problem of the construction concerning legislative intent.

The Supreme Court of Ohio in the case of *In re Torok,* 161 Ohio St. 585, at page 589, said:

"As this court has repeated in numerous cases involving statutory construction, the question is not what did the General Assembly intend to enact but what is the meaning of that which it did enact. *Slingluff* v. *Weaver,* 66 Ohio St. 621, 64 N. E. 574."

Therefore, Section 2317.02, Revised Code, applies here and bars the deposition testimony, making the depositions inadmissible for the purpose for which they were offered, namely, to impeach the verdict of the jury.

We find that the trial court, as shown by the record, having read and considered the depositions, did not commit prejudicial error in overruling the motion for a new trial.

We do not mean to imply any condonation of the alleged misconduct of this one juror. The rules of evidence and the statute, *supra,* dictate that it was not shown. Absent these depositions, there is no evidence aliunde or otherwise to show the misconduct alleged.

*Judgment affirmed.*

PUTMAN and RUTHERFORD, JJ., concur.