DIEHL, A MINOR, ET AL., APPELLANTS, *v.* WILMOT CASTLE CO., APPELLEE.

[Cite as Diehl v. Wilmot Castle Co. (1971), 26 Ohio St. 2d 249.]

250

(No. 70-247—Decided June 23, 1971.)

*Messrs. Lutz & Inscore* and *Mr. Larry L. Inscore,* for appellants.

*Messrs. Merkel, Campbell, Dill & Zetzer, Messrs. Weldon, Huston & Keyser* and *Mr. George Hall,* for appellee.

CORRIGAN, J. The subject of dispute confronting us is whether the testimony of the husband as to the performance by husband and wife of automobile driving experiments, in the presence of each other, at or about a public hospital entrance, for the purpose of the wife becoming more knowledgeable relative to the civil case in which she was then serving as a juror, is privileged under R. C. 2317.-02, where such testimony is sought for the purpose of showing misconduct on the part of the juror wife.

We observe at the outset that the plaintiffs in this lawsuit are entitled to certain substantive rights, including the right to have the case considered by the jury, fairly and impartially, upon the evidence received in open court in the trial, in the light of the trial judge's instructions as to the law governing the case. Here, the juror in her car and her husband in a second car reenacted the accident, as she had heard about it from the evidence, out of the presence of the court and the other jurors. This conduct on her part was grossly improper.

A basic principle of law applicable to the present situation was expressed by this court in *Wicker* v. *Cleveland* (1948), 150 Ohio St. 434, in which the syllabus reads:

"In the absence of evidence aliunde, the verdict of a jury may not be impeached by the testimony of a juror concerning the alleged misconduct of a member thereof."

However, as plaintiffs contend, the testimony of the husband of the juror whose conduct is questioned, as set forth in the second deposition, provides the evidence aliunde necessary to establish misconduct of the juror. It is the position of defendant that such evidence is not competent under R. C. 2317.02.

R. C. 2317.02 provides that a husband or wife shall not testify "concerning any communication made by one

to the other, or an act done by either *in the presence of the other*, during coverture, *unless* the communication was made, or act done, in the known *presence* or hearing of *a third person* competent to be a witness * * *." (Emphasis added.) In our view, the testimony concerning the experiment engaged in by Mr. and Mrs. Eichinger is not within the ambit of the statutorily protected communication. The activities of the husband and wife in driving separate cars on a public street and in the driveway to a public hospital were activities open to general observation by all those persons in the area at the time of the experiment.

A recitation of such activities by one of the spouses is a far cry from those private communications between husband and wife which the General Assembly has acted to condone and encourage. Furthermore, we do not believe that in order to rule those activities as being without the privilege, evidence must be produced that a third party was competent to testify at trial.

As noted in *Sessions* v. *Trevitt* (1883), 39 Ohio St. 259, 267:

"Communications between husband and wife are not excluded on the ground of their common interest, or for the protection of those against whom they may testify, but because public policy requires that they shall not be allowed to betray the trust and confidence which are essential to the happiness of the married state."

It is also apparent that the "happiness of the married state" of the husband and wife in the instant case could not be affected by the admission in evidence of the deposition of the husband in respect to the experiments conducted, as neither husband nor wife has an interest in the outcome of the lawsuit. The exclusion of such evidence here would serve only to protect one "against whom * * * [husband and wife] may testify." We are of the opinion that such exclusion would go beyond the purpose of the statute. We hold, therefore, that the privilege conferred under favor of R. C. 2317.02 is personal to husband and wife and may not be invoked by a third party. See 8 Wigmore

on Evidence 111, Section 2196; annotation, 2 A. L. R. 2d 645.

In concluding that the privilege in question is personal to the husband and wife and cannot be invoked by defendant, we are not unmindful of the holding in *Dick* v. *Hyer* (1916), 94 Ohio St. 351. It was there held, in an action on a promissory note by the holder thereof against a husband and wife, that the wife could not testify as to the contents of the note as executed by her in the presence of her husband. Thus, a third party, the holder of the note, was permitted to make use of the husband-wife privilege even though the wife, in effect, sought to waive that privilege.

An examination of the report of that case fails to disclose any mention therein of standing on the part of the holder of the note to raise the question of privilege or the right of the wife to waive the privilege. The holding in that case therefore does not foreclose this conclusion that we reach here.

For the forgoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.