[Cite as *State v. Shuster*, 2016-Ohio-5030.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| MICHAEL SHANE SHUSTER | : | Case No. 15AP0017 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 2012-CR-0008



JUDGMENT:                           Affirmed



DATE OF JUDGMENT:                   July 18, 2016



APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

MARK J. HOWDYSHELL                           ERIC J. ALLEN
19 East Main Street                          713 South Front Street
McConnelsville, OH  43756                    Columbus, OH  43206

*Farmer, P.J.*

{¶1} On April 13, 2012, the Morgan County Grand Jury indicted appellant, Michael Shane Shuster, on thirty counts of various sexual criminal acts involving his minor stepdaughter. A jury trial commenced on April 1, 2013. The jury found appellant guilty of six counts of rape in violation of R.C. 2907.02, seven counts of sexual battery in violation of R.C. 2907.03, and eight counts of gross sexual imposition in violation of R.C. 2907.05. By sentencing entry filed May 22, 2013, the trial court sentenced appellant to an aggregate term of one hundred-five years to life. Appellant's conviction and sentence were affirmed on appeal. *See State v. Shuster,* 5th Dist. Morgan Nos. 13AP0001 and 13AP0002, 2014-Ohio-3486. A subsequent denial of a petition for postconviction relief was also affirmed by this court. *See State v. Shuster,* 5th Dist. Morgan No. 14AP0003, 2014-Ohio-4144.

{¶2} On June 5, 2013, appellant filed a motion for new trial, alleging juror misconduct. Attached to the motion was an unsworn statement of a juror, Richard Cooper. A hearing was held on July 5, 2013. By journal entry filed July 10, 2013, the trial court denied the motion, finding it was divested of jurisdiction because the case was pending on appeal. In addition, the trial court determined an affidavit was not filed with the motion which was a fatal flaw under Crim.R. 33(C).

{¶3} Following the appellate decisions, appellant filed in the trial court a sworn affidavit of Richard Cooper on November 17, 2014, claiming it to be a substitute for the previously filed handwritten statement. On June 22, September 4, and October 5, 2015, appellant filed motions to amend and supplement his motion for new trial. By journal entry filed October 30, 2015, the trial court denied appellant's motion for new trial.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE APPELLANT'S MOTION FOR A NEW TRIAL."

II

{¶6}   "THE TRIAL COURT ERRED WHEN IT FOUND THAT THE STATEMENTS MADE BY THE JUROR VIOLATED EVIDENCE RULE 606."

III

{¶7}   "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO ATTACH AN AFFIDAVIT TO HIS MOTION FOR A NEW TRIAL."

I, II

{¶8}   Appellant claims the trial court abused its discretion in denying his motion for new trial based on juror misconduct.  Appellant also claims the trial court erred in finding the statements of juror Richard Cooper violated Evid.R. 606.  We disagree.

{¶9}   Whether to grant or deny a motion for new trial pursuant to Crim.R. 33 is within a trial court's sound discretion.  *State v. Schiebel,* 55 Ohio St.3d 71 (1990).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶10}  Crim.R. 33 governs new trial.  Subsection (A)(2) states: "A new trial may be granted on motion of the defendant for any of the following causes affecting

materially his substantial rights: Misconduct of the jury, prosecuting attorney, or the witnesses for the state."  Pursuant to subsection (C), "[t]he causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit."

{¶11}  Pursuant to Crim.R. 33(B), appellant filed a motion for new trial within one hundred and twenty days of his conviction.  The motion filed on June 5, 2013, alleged juror misconduct, and included an unsworn handwritten statement by juror Richard Cooper.  A hearing was held on July 5, 2013.  By journal entry filed July 10, 2013, the trial court denied the motion, finding it was divested of jurisdiction because the case was pending on appeal.  In addition, the trial court determined an affidavit was not filed with the motion which was a fatal flaw under Crim.R. 33(C).

{¶12}  On November 17, 2014, appellant filed a sworn affidavit of Richard Cooper.  Accompanying the affidavit was a letter from appellant, directing the Clerk of Courts to file the affidavit and attach it to the June 5, 2013 motion for new trial.  Appellant indicated the "Affidavit is to substitute for the handwritten statement of Richard Cooper previously filed with and attached to the Motion for a New Trial."  The sworn affidavit averred the following:

> I, the undersigned, RICHARD COOPER, hereinafter referred to as "AFFIANT", being first duly sworn according to law, depose and state the following based upon personal knowledge and/or information:
>
> 1. That I am a resident of Morgan County, Ohio.

2. That I am an adult and this Affidavit is the result of an act of my own free will and accord.

3. That I was selected and sworn as a juror and I served on the jury, in the trial of the case State of Ohio v. Michael Shane Shuster, that ultimately convicted him on April 4, 2013 for certain offenses for which he was charged.

4. That we jurors had heard, prior to trial and since the time of the arrest of Michael Shane Shuster, that he had confessed to the charges filed against him and for those charges which were the subject of the trial.

5. That the Prosecuting Attorney, during his closing argument, told the jury that Michael Shane Shuster had confessed to the charges.

6. That we thought our deliberations were just a formality since we were told that Michael Shane Shuster had confessed.

7. That we didn't examine any evidence during our deliberations and although we asked to see the transcripts of witnesses' testimony we were told by the Court that we could not do so because they were not transcribed.

8. That the entire period of time of our deliberations was used to fill out verdict forms for the many charges.

{¶13} Thereafter, on June 22, September 4, and October 5, 2015, appellant filed motions to amend and supplement his motion for new trial. By journal entry filed October 30, 2015, the trial court denied the motions, finding the following:

This matter is before the Court upon motion of Defendant for a new trial and supplements there to, and upon motion contra of the State.

After consideration of all pleadings and documentation, for reasons set forth in the State's motion contra, it is apparent that Defendant's motion is fatally defective on its face, and Defendant is not entitled to the relief requested.

{¶14} The state's motion contra filed on October 20, 2015, relied on the language of Evid.R. 606(B). Despite the various arguments relative to the presence of an affidavit or lack thereof, we find Evid.R. 606(B) to be controlling:

**(B) Inquiry Into Validity of Verdict or Indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any

outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying will not be received for these purposes.

{¶15}  As the Supreme Court of Ohio stated in *Schiebel,* 55 Ohio St.3d at 75-76:

In order to permit juror testimony to impeach the verdict, a foundation of extraneous, independent evidence must first be established. This foundation must consist of information from sources other than the jurors themselves, *Wicker v. Cleveland* (1948), 150 Ohio St. 434, 38 O.O. 299, 83 N.E.2d 56, and the information must be from a source which possesses firsthand knowledge of the improper conduct. One juror's affidavit alleging misconduct of another juror may not be considered without evidence *aliunde* being introduced first. See *Diehl v. Wilmot Castle Co.* (1971), 26 Ohio St.2d 249, 55 O.O.2d 484, 271 N.E.2d 261; *Lund v. Kline* (1938), 133 Ohio St. 317, 10 O.O. 411, 13 N.E.2d 575; *Kent v. State* (1884), 42 Ohio St. 426, paragraph four of the syllabus. Similarly, where an attorney is told by a juror about another juror's possible misconduct, the attorney's testimony is incompetent and may not be received for the purposes of impeaching the verdict or for laying a foundation of evidence *aliunde.* See *Tasin v. SIFCO Industries, Inc.*

(1990), 50 Ohio St.3d 102, 553 N.E.2d 257; *Dodd v. McCammon* (1920),

14 Ohio App. 160, 32 Ohio C.C.(N.S.) 68.

{¶16} As a juror in the case, Mr. Cooper cannot now impeach his own verdict with his own statement alone.  Evid.R. 606 has been consistently upheld as the law relative to the impeachment of jury verdicts.  "The rule is designed to protect the finality of verdicts and to ensure that jurors are insulated from harassment by defeated parties." *Schiebel, supra,* at 75.  *See also State v. Adams,* 141 Ohio St. 423 (1943).

{¶17} Upon review, we find the trial court did not abuse its discretion in denying the motion for new trial.

{¶18} Assignments of Error I and II are denied.

III

{¶19} Appellant claims his trial counsel was ineffective in not filing a proper affidavit of Richard Cooper.  We disagree.

{¶20} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2

O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶21} The original June 5, 2013 motion for new trial included an unsworn handwritten statement purporting to be Richard Cooper. On November 17, 2014, appellant, pro se, filed the sworn affidavit of Richard Cooper, along with a letter directing the Clerk of Courts to attach it to his June 5, 2013 motion for new trial. We can only assume that explains why the sworn affidavit is filed out of order in the record. However, we find the affidavit to be a non sequitur to the issue presented, jury impeachment by a fellow juror. Despite any deficiencies argued, the presence of a Cooper affidavit or the lack thereof does not affect the outcome of the ruling under Evid.R. 606.

{¶22} Assignment of Error III is denied.

{¶23} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Hoffman, J. concur.

SGF/sg 77