[Cite as *State v. Shuster*, 2017-Ohio-2776.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16AP0012 |
| | : | |
| MICHAEL SHANE SHUSTER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Morgan County Court
of Common Pleas, Case No.12-CR-
0008


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    May 11, 2017


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

MARK J. HOWDYSHELL                  MICHAEL SHANE SHUSTER, PRO SE
MORGAN CO. PROSECUTOR              CCI, Inmate No. A685-632
19 East Main Street                        P.O. Box 5500
McConnellsville, OH 43756              Chillicothe, OH 45601

*Delaney, P.J.*

{¶1} Appellant Michael Shane Shuster appeals from the November 28, 2016 and December 7, 2016 Journal Entries of the Morgan County Court of Common Pleas overruling his motion for leave to file a motion for new trial. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant was tried and convicted upon multiple counts of gross sexual imposition, sexual battery, rape, and rape of a child under the age of 13 for offenses against a family member. The trial court sentenced appellant to an aggregate prison term of 105 years to life. Upon direct appeal, we affirmed the convictions and sentence. *State v. Shuster*, 5th Dist. Morgan Nos. 13AP0001, 13AP0002, 2014-Ohio-3486 [*Shuster I*], appeal not allowed, 141 Ohio St.3d 1489, 201-Ohio-842, 26 N.E.3d 824, reconsideration denied, 142 Ohio St.3d 1469, 2015-Ohio-1896, 30 N.E.3d 976, and cert. denied as *Shuster v. Ohio*, 136 S.Ct. 404, 193 L.Ed.2d 321 (2015). A comprehensive statement of the facts underlying appellant's convictions may be found in *Shuster I.*

{¶3} On February 20, 2014, appellant filed a petition for post-conviction relief arguing defense trial counsel should have made better use of the defense psychological expert, obtained a medical expert, and used a more experienced investigator. The trial court dismissed appellant's petition without a hearing, a decision we affirmed in *State v. Shuster*, 5th Dist. Morgan No. 14 AP 0003, 2014-Ohio-4144 [*Shuster II*], appeal not allowed, 142 Ohio St.3d 1409, 2015 -Ohio- 1099, 27 N.E.3d 539.

{¶4} On June 5, 2013, appellant filed a motion for new trial based upon juror misconduct, to which was attached an unsworn affidavit of a juror. A hearing was held on July 5, 2013, but the trial court denied the motion on the basis that it had no jurisdiction

to rule during the pendency of the appeals described supra. The trial court also found appellant failed to file an affidavit with the motion in violation of Crim.R. 33(C). After the appeals were determined, appellant filed a sworn affidavit of the same juror, arguing it was a substitute for the previous unsworn affidavit, and filed motions to amend and supplement the motion for new trial. The trial court denied appellant's motion for new trial based upon juror misconduct, a decision we affirmed in *State v. Shuster*, 5th Dist. Morgan No. 15AP0017, 2016-Ohio-5030 [*Shuster III*], appeal not allowed, 148 Ohio St.3d 1426, 2017-Ohio-905, 71 N.E.3d 298.

{¶5} On November 4, 2016, appellant filed a Motion for Leave to File Motion for New Trial Instanter with Verified Motion for New Trial premised upon allegations of prosecutorial misconduct and "abuse of discretion" by the trial court. Appellee responded with a memorandum in opposition on November 17, 2016 and the trial court overruled appellant's motion by judgment entries dated November 28, 2016 and December 7, 2016.

{¶6} Appellant now appeals from the trial court's decisions overruling his motion for leave to file a motion for new trial.

{¶7} Appellant raises three assignments of error:

## ASSIGNMENTS OF ERROR

{¶8} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN IT OVERRULED AND DENIED DEFENDANT'S PROPERLY FILED MOTION FOR NEW TRIAL, BASED ON PROSECUTORIAL MISCONDUCT AND ABUSE OF DISCRETION BY THE COURT, PREVENTING HIM FROM HAVING A FAIR TRIAL; WITHOUT EVEN HOLDING A HEARING." (*sic throughout).

{¶9} "II.  IT WAS EVIDENCE OF BIAS AND PREJUDICE AGAINST DEFENDANT FOR TRIAL COURT TO ISSUE A SECOND JOURNAL ENTRY; OVERRULING AND DENYING DEFENDANT'S MOTION FOR NEW TRIAL.  IN FACT, AS SUPPORTED IN DEFENDANT'S MOTION FOR NEW TRIAL, THERE WERE NUMEROUS INSTANCES OF TAINT OR A LEVEL OF PREJUDICE AGAINST DEFENDANT.  HE DID NOT RECEIVE A FAIR TRIAL AND IMPARTIAL PROCEEDINGS AT MANY STAGES."  (*sic throughout*).

{¶10} "III. THE TRIAL COURT ERRED BY FAILING TO ADDRESS THE MERITS OF THE PROSECUTORIAL MISCONDUCT AND ABUSE OF DISCRETION ALLEGED IN DEFENDANT'S MOTION FOR NEW TRIAL."

**ANALYSIS**

I., II., III.

{¶11} Appellant's three assignments of error are related and will be considered together.  He argues the trial court erred in overruling his motion for leave to file a motion for new trial.  We disagree.

{¶12} Crim.R. 33 governs new trials. A motion for a new trial made pursuant to Crim.R. 33 is addressed to the sound discretion of the trial court, and may not be reversed unless we find an abuse of discretion. *State v. Schiebel,* 55 Ohio St.3d 71, 75, 564 N.E.2d 54 (1990). It is also within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrants an evidentiary hearing. *State v. Hill*, 64 Ohio St.3d 313, 333, 595 N.E.2d 884 (1992).  An abuse of discretion implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *State v. Sage,* 31 Ohio St.3d 173, 182, 510 N.E.2d 343 (1987).

{¶13} Appellee argues appellant's motion for leave to file a motion for new trial was untimely.  Crim.R. 33(B) states:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶14} Appellant's motion for leave to file a motion for new trial is filed well outside the time limitations of Crim.R. 33 but no argument has been made that appellant was unavoidably prevented from the discovery of the evidence upon which he relies.

"Although a defendant may file his motion for a new trial along with his request for leave to file such motion, 'the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay[.]'" *State v. Brown,* 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 14 (quoting *State v. Stevens,* 2nd Dist. Montgomery Nos. 23236, 23315, 2010-Ohio-556, ¶ 11). "Unavoidable delay results when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Rodriguez–Baron,* 7th Dist. Mahoning No. 12–MA–44, 2012-Ohio-5360, ¶ 11.

{¶15} We conclude the reason for appellant's omission is that his latest claims are not properly raised in a Crim.R. 33 motion for new trial. In his reply brief, appellant fully acknowledges this is not a case of newly-discovered evidence. This [second] motion for new trial is premised upon allegations of prosecutorial misconduct and "abuse[s] of discretion" appearing in the trial record.[1] Appellant argues:

> * * * *. A Hearing, at least, should have been held in the interests of justice. However, we have only a non-specific technical denial [premised upon the fatal flaws on the face of appellant's motion] which failed to reach the merits of the claims. Once again, these claims were not based upon newly discovered evidence. Rather, these claims were prosecutorial misconduct and an abuse of discretion. There never was a claim that he was unavoidably

---

[1] Appellant at length points out his *first* motion for new trial was premised upon newly-discovered evidence, i.e. the juror's affidavit.

prevented. It was not a matter of timing. Rather, under the Rule, it was a matter of justice. See Crim.R. 33(B). * * * *.

Appellant's Brief, 12.

{¶16} Appellant's latest claims, though, are not properly raised pursuant to Crim.R. 33, and rest not upon the tenets of the Rule but upon his invocation of "a matter of justice." The claims contained in his motion are cognizable from the trial record and are barred by the doctrine of res judicata, which may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. *State v. Johnson*, 8th Dist. Cuyahoga No. 80247, 2002-Ohio-2712, ¶ 7.

{¶17} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 96, 671 N.E.2d 233, 1996-Ohio-337; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Not only does res judicata bar appellant from raising issues that were raised in his direct appeal, it also bars issues that could have been raised in that appeal. *Szefcyk,* supra.

{¶18} Appellant's grounds for a new trial involve alleged irregularities that occurred during his trial and are part of the trial record, but he cites no reason why he was prevented from raising these issues in his direct appeal to this court. *State v. Russell*, 10th Dist. Franklin No. 04AP-1149, 2005-Ohio-4063, ¶ 7, motion for delayed appeal

denied, 107 Ohio St.3d 1695, 2005-Ohio-6763, 840 N.E.2d 202. Specifically, appellant cites several comments during trial by prosecutors which he claims rise to the level of prosecutorial misconduct. His arguments that the trial court abused its discretion arise from the trial court's decision overruling his motion to suppress, the length of his prison term, the trial court's failure to sua sponte inquire into the effect of pretrial publicity, and the trial court's decision overruling his first motion for new trial. Because appellant could have raised these issues in his direct appeal, they are barred by res judicata. Id., citing *State v. Stark,* 2nd Dist. Montgomery No. 19515, 2004-Ohio-670, at ¶ 7 [affirming application of res judicata to deny defendant's claims of alleged trial error that should have been raised on direct appeal]; *State v. Palmer*, 7th Dist. Belmont No. 96-BA-70, 1999 WL 979228 (Oct. 20, 1999) [affirming denial of motion for new trial based solely on facts within trial record as res judicata].

{¶19} Accordingly, the trial court did not abuse its discretion when it denied appellant's motion for a new trial without a hearing. As to appellant's argument that the trial court should have issued findings of fact and conclusions of law in support of its judgment, it is well-established the trial court had no duty to issue findings of fact and conclusions of law upon denial of appellant's motion for a new trial. *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 71, 1999-Ohio-343, 711 N.E.2d 683 (1999), citing *State v. Girts*, 121 Ohio App.3d 539, 565, 700 N.E.2d 395 (8th Dist.1997); *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326, 691 N.E.2d 275 (1998).

{¶20} We find no abuse of discretion by the trial court in its decisions overruling appellant's motion for leave to file a motion for new trial. Appellant's three assignments of error are overruled.

**CONCLUSION**

{¶21} Appellant's three assignments of error are overruled and the judgment of the Morgan County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Wise, John, J. and

Wise, Earle, J., concur.