[Cite as *State v. Shuster*, 2018-Ohio-2901.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18 AP 0003 |
| MICHAEL SHANE SHUSTER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2012 CR 0008


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 23, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JANNA C. WOODBURN                         MICHAEL SHANE SHUSTER
ASSISTANT PROSECUTOR                      PRO SE
19 East Main Street                       P.O. Box 5500
McConnelsville, Ohio  43756               Chillicothe, Ohio  45601

*Wise, John, P. J.*

{¶1} Appellant Michael Shane Shuster appeals from the March 2, 2018, Journal Entries of the Morgan County Court of Common Pleas overruling his motion for Grand Jury Testimony.

{¶2} Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶3} Appellant was tried and convicted upon multiple counts of gross sexual imposition, sexual battery, rape, and rape of a child under the age of 13 for offenses against a family member. The trial court sentenced appellant to an aggregate prison term of 105 years to life. Upon direct appeal, we affirmed the convictions and sentence. *State v. Shuster*, 5th Dist. Morgan Nos. 13AP0001, 13AP0002, 2014-Ohio-3486 [*Shuster I*], appeal not allowed, 141 Ohio St.3d 1489, 201-Ohio-842, 26 N.E.3d 824, reconsideration denied*,* 142 Ohio St.3d 1469, 2015-Ohio-1896, 30 N.E.3d 976, and cert. denied as *Shuster v. Ohio*, 136 S.Ct. 404, 193 L.Ed.2d 321 (2015). A comprehensive statement of the facts underlying appellant's convictions may be found in *Shuster I*.

{¶4} On June 5, 2013, appellant filed a motion for new trial based upon juror misconduct, to which was attached an unsworn affidavit of a juror. A hearing was held on July 5, 2013, but the trial court denied the motion on the basis that it had no jurisdiction to rule during the pendency of the appeals described *supra*. The trial court also found appellant failed to file an affidavit with the motion in violation of Crim.R. 33(C). After the appeals were determined, appellant filed a sworn affidavit of the same juror, arguing it was a substitute for the previous unsworn affidavit, and filed motions to amend and supplement the motion for new trial. The trial court denied appellant's motion for new trial

based upon juror misconduct, a decision we affirmed in *State v. Shuster*, 5th Dist. Morgan No. 15AP0017, 2016-Ohio-5030 [*Shuster III*], appeal not allowed, 148 Ohio St.3d 1426, 2017-Ohio-905, 71 N.E.3d 298.

{¶5}  On February 20, 2014, appellant filed a petition for post-conviction relief arguing defense trial counsel should have made better use of the defense psychological expert, obtained a medical expert, and used a more experienced investigator.  The trial court dismissed appellant's petition without a hearing, a decision we affirmed in *State v. Shuster*, 5th Dist. Morgan No. 14 AP 0003, 2014-Ohio-4144 [*Shuster II*], appeal not allowed, 142 Ohio St.3d 1409, 2015 -Ohio- 1099, 27 N.E.3d 539.

{¶6}  On October 26, 2016, appellant filed Defendant's Motion for Grand Jury Testimony and Evidence as well as Disclosure of Proceedings.

{¶7}  On November 4, 2016, appellant filed a Motion for Leave to File Motion for New Trial *Instanter* with Verified Motion for New Trial premised upon allegations of prosecutorial misconduct and "abuse of discretion" by the trial court.  Appellee responded with a memorandum in opposition on November 17, 2016, and the trial court overruled appellant's motion by judgment entries dated November 28, 2016 and December 7, 2016. This Court affirmed the decision of the trial court in *State v. Shuster*, 5th Dist. Morgan No. 16AP0012, 2017-Ohio-2776  [*Shuster IV*].

{¶8}  On August 15, 2017, appellant filed an original action for mandamus with this Court in case number 17AP0010. In said action, appellant argued the lower court failed to make a ruling or decision on a motion, which he believes prevents him from appealing or moving the issue forward. Appellee filed a motion to dismiss the action on

grounds that appellant did not state a claim upon which relief can be granted. This Court dismissed the mandamus action.

**{¶9}** On February 16, 2018, appellant filed an appeal with this Court in case number 18AP0002. In said appeal, appellant challenged the decision by the trial court on the denial of appellant's motion for a new trial on grounds for abuse of discretion. Appellant has not filed a brief in 18AP0002.

**{¶10}** Appellant now appeals from the trial court's decision overruling his motion for Grand Jury testimony.

**{¶11}** Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

**{¶12}** "I.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION; WHEN AFTER FAILIN [SIC] AND REFUSING TO EVEN RULE FOR OVER ONE YEAR, IT DENIED DEFENDANT'S PROPERLY FILED MOTION FOR GRAND JURY TESTIMONY AND EVIDENCE AS WELL AS DISCLOSURE OF PROCEEDINGS; AND ONLY SO RULING AFTER BEING ORDERED BY THIS COURT OF APPEALS, AFTER DEFENDANT WAS FORCED TO FILE A MANDAMUS ACTION; AND BY INCORRECTLY RULING THAT DEFENDANT FAILED TO SHOW A PARTICULARIZED NEED; WHEN, AT THE TIME OF RULING, DEFENDANT ACTUALLY HAD A PENDING MOTION FOR NEW TRIAL WITHIN THE JURISDICTION OF THE TRIAL COURT; AND ALSO SHOWING FURTHER BIAS AND PREJUDICE BY CONTENDING THAT DEFENDANT WAS BEING OVERLY LITIGIOUS; WHILE SIMPLY EXERCISING HIS CONSTITUTIONAL RIGHTS, AND FURTHER CONTENDING THAT RES JUDICATA MITIGATES AGAINST DEFENDANT'S REQUEST FOR GRAND JURY DISCLOSURES,

EVEN THOUGH THIS WAS HIS FIRST AND ONLY MOTION FILED ASKING FOR SUCH INFORMATION."

I.

{¶13} In appellant's sole assignment of error, he argues the trial court erred in overruling his motion for Grand Jury testimony. We disagree.

{¶14} Ohio Crim.R. 6(E) provides, in part, that "[d]eliberations of the grand jury and the vote of any grand juror shall not be disclosed." However, if the defense shows a "particularized need" for disclosure that outweighs the need for secrecy, all relevant portions of a grand jury transcript should be produced. *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph two of the syllabus. A "particularized need" exists "when the circumstances reveal a probability that the failure to provide the grand jury testimony will deny the defendant a fair trial." *State v. Davis*, 38 Ohio St.3d 361, 365, 528 N.E.2d 925 (1988). A claim of particularized need cannot be replete with speculation and innuendo. *State v. Stojetz*, 84 Ohio St.3d 452, 460, 1999–Ohio–464, 705 N.E.2d 329. Impeachment purposes may be a proper basis for disclosure of grand jury testimony, but that purpose alone is not sufficient: the "particularized need" standard must still be met. *State v. Hernandez*, 7th Dist. Columbiana No. 87–C–56, 1991 WL 44362, *aff'd*, 63 Ohio St.3d 577, 589 N.E.2d 1310 (1992).

{¶15} The decision whether to release grand jury testimony "is within the discretion of the trial court." *Greer, supra*, at paragraph one of the syllabus. A decision to deny release will not be reversed absent an abuse of discretion. *State v. Brown*, 38 Ohio St.3d 305, 308, 528 N.E.2d 523 (1988). In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary,

or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} Upon review, in the instant case, we find the trial court did not abuse its discretion in overruling appellant's motion for disclosure of the grand jury testimony. Appellant's motion merely speculates that biased evidence may have been presented. As noted in *Hernandez, supra,* a defendant must show a particularized need for disclosure beyond the mere use of the grand jury testimony for impeachment purposes. Appellant did not do so in the instant case.

{¶17} We find no abuse of discretion by the trial court in its decision overruling appellant's motion. Appellant's sole assignment of error is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.

By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J., concur.

JWW/d 0706