[Cite as *State v. Shuster*, 2019-Ohio-4233.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18AP0007 |
| MICHAEL SHANE SHUSTER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:  Criminal appeal from the Morgan County
Court of Common Pleas, Case No.
12CR0008

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  October 10, 2019

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CINDY O'NEIL         ERIC ALLEN
Assistant Prosecuting Attorney   4200 Regent, Suite 200
19 East Main Street       Columbus, OH 43219
McConnelsville, OH 43756
*Gwin, P.J.*

{¶1} Appellant Michael Shane Shuster ["Shuster"] appeals from the June 13, 2018, Journal Entry of the Morgan County Court of Common Pleas overruling his motion for a new trial without a hearing.

*Facts and Procedural History*

{¶2} In 2013, a jury convicted Shuster of four counts of gross sexual imposition, in violation of Ohio Revised Code § 2907.05(A)(4); seven counts of sexual battery, in violation of Ohio Revised Code § 2907.03(A)(5); three counts of rape, in violation of Ohio Revised Code § 2907.02(A)(1)(b); four counts of gross sexual imposition, in violation of Ohio Revised Code § 2907.05(A)(1); and three counts of rape, in violation of Ohio Revised Code § 2907.02(A)(2). For the underlying facts and lengthy procedural history of this case see *State v. Shuster*, 5th Dist. Morgan No. 18 AP 003, 2018-Ohio-2901; *Shuster v. Warden,* 6th Cir. No. 19-3184, 2019 WL 4267748 (June 10, 2019).

{¶3} Shuster filed a Motion for a new trial on February 16, 2018 [Docket Number 210].[1] In his motion, Shuster alleged prosecutorial misconduct for eliciting victim impact testimony during trial and that the jurors were influenced by a non-existent confession by Shuster. The trial court overruled the motion without a hearing by Judgment Entry filed June 13, 2018. [Docket Number 231].

*Assignment of Error*

{¶4} Shuster raises two Assignments of Error,

{¶5} "I. THE TRIAL COURT ABUSED IT'S [sic.] DISCRETION IN OVERRULING THE APPELLANT'S MOTION FOR NEW TRIAL.

---

[1] We note that the affidavit filed in support of the motion is not properly notarized because the notary failed to record the year that Shuster signed the document. [Docket Number 211].

**{¶6}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT HOLDING AN EVIDENTIARY HEARING[2].

*Law and Analysis*

**{¶7}** In his assignments of error, Shuster maintains that the trial court erred in overruling his most recent motion for a new trial without conducting an evidentiary hearing.

**Standard of Appellate Review.**

**{¶8}** Crim.R. 33(B) provides that if a defendant fails to file a motion for a new trial within 120 days of the jury's verdict, he or she must seek leave from the trial court to file a delayed motion. To obtain leave, the defendant must show by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days. *State v. Lordi*, 149 Ohio App.3d 627, 2002–Ohio–5517, 778 N.E.2d 605, ¶ 26–27. Clear and convincing proof is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb,* 18 Ohio St .3d 361, 368, 481 N.E.2d 613(1985); *Lordi, supra*, at ¶ 26.

**{¶9}** "The question of whether to decide a motion on the supporting evidence filed with the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 643 (6th Cir.1986); *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.).

**ISSUE FOR APPEAL**

*A. Whether the trial court abused its discretion in denying Shuster's motion for a new trial without a hearing.*

---

[2] Appellant's Brief, filed Apr. 22, 2109 at 1. We note that Shuster does not separately argue the two assignments of error in his brief. *See,* App.R. 16(A)(7).

**{¶10}** This was not Shuster's first motion for a new trial. He has filed previous motions in 2013 and 2016. *See, State v. Shuster*, 5th Dist. Morgan No. 18 AP 003, 2018-Ohio-2901, ¶4; ¶5. The motion was not filed within 120 days of the 2013 jury verdict in the case at bar. Shuster did not request leave to file a motion for a new trial in accordance with Crim.R. 33(B).

**{¶11}** Trial courts should subject Crim.R. 33(A)(6) new trial motions to the closest scrutiny:

Applications for new trials on the ground of newly discovered evidence are not, however, favored by the courts, for the reason that the moving party has generally had ample opportunity to prepare his case carefully and to secure all of the evidence before the trial. Such applications, whether in a court of law or in a court of equity, are entertained with reluctance and granted with caution, not only because of the danger of perjury, but also because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict. In order to prevent, as far as possible, the fraud and imposition which defeated parties may be tempted to practice as a last resort to escape the consequence of an adverse verdict, an application setting up the discovery of new evidence should always be subjected to the closest scrutiny by the court. The applicant is required to rebut the presumption that the verdict is correct and that there has been a lack of due diligence and to establish other facts essential to warrant the granting of a new trial upon the ground of newly discovered evidence. The rule to be

deduced from the cases is that where newly discovered evidence is of such conclusive nature, or of such decisive or preponderating character, that it would with reasonable certainty have changed the verdict or materially reduced the recovery, a new trial should be granted if it is satisfactorily shown why the evidence was not discovered and produced at the time of the trial.

*Taylor v. Ross*, 150 Ohio St. 448, 450–51, 83 N.E.2d 222, 224 (1948), *quoting* 39 American Jurisprudence, 163, Section 156; *accord Domanski v. Woda*, 132 Ohio St. 208, 6 N.E.2d 601 (1937).

**{¶12}** Shuster raises two grounds in support of his motion for a new trial. First, Shuster contends that the prosecutor committed misconduct by placing victim impact evidence before the jury. Second, Shuster argues that his rights to due process and a fair trial were infringed when the trial court denied his motion for a new trial after he had learned that some of the jurors had wrongly believed that he had confessed to the crime.

*Victim Impact Testimony.*

**{¶13}** In the case at bar, the so-called victim impact alluded to by Shuster is readily apparent from the record. His only argument on appeal is that the minor victim in this case, Shuster's stepdaughter, "broke down on the stand." [Appellant's Brief filed Apr. 22, 2019 at 4]. Shuster's trial attorneys and Shuster himself was aware of this, as they were present at the jury trial in 2013.

**{¶14}** Accordingly, Shuster has not demonstrated he was unavoidably prevented from discovering the alleged newly discovered evidence.

*Confession Testimony.*

**{¶15}** The second ground alleged by Shuster in his motion for a new trial was contention that the jurors believed that Shuster had confessed and this belief influenced the jury's decision to convict Shuster. [Appellant's Brief, filed Apr. 22, 2019 at 5].

**{¶16}** Shuster previously raised the argument that the prosecutor committed misconduct by referencing a "non-existent confession" in closing arguments. *Shuster v. Warden,* 6th Cir. No. 19-3184, 2019 WL 4267748 (June 10, 2019); *State v. Shuster,* 5th Dist. Morgan No. 15AP0017, 2016-Ohio-5030, ¶16. The United States Court of Appeals for the Sixth Circuit noted,

> Although Shuster claims to have raised this claim in his motion for a new trial, Shuster did not raise a claim of prosecutorial misconduct based on the prosecutor's reference to a confession in closing argument until his memorandum in support of jurisdiction to the Ohio Supreme Court in the appeal of that motion.

*Shuster v. Warden,* 6th Cir. No. 19-3184, 2019 WL 4267748 (June 10, 2019) at *2.

Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233(1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus. It is well settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post-

conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997). Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik,* 9th Dist. Lorain No. 98CA007279, 2000 WL 254908, *1 (Mar. 8, 2000); *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶18.

**{¶17}** Thus, to the extent that the Courts have already addressed this issue the doctrine of res judicata bars any further consideration. See *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 1996-Ohio-337; *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.

**{¶18}** Shuster's claim that he could not discover this evidence until his investigator interviewed several of the jurors is unpersuasive. [Appellant's Brief filed Apr. 22, 2019 at 5].

### *a. Evid. R. 606, the Aliunde Rule.*

**{¶19}** Evid.R. 606(B) governs the competency of a juror to testify,

> (B) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. A juror may testify on the question whether extraneous prejudicial information was

improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented. However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe, or any improprieties of any officer of the court. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying will not be received for these purposes. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict * * * or concerning his mental processes in connection therewith. * * * His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes.

{¶20} Evid.R. 606(B) is subject to the exception embodied in the aliunde rule, which permits a juror to offer testimony impeaching his verdict upon the presentation of impeachment evidence from a competent source other than a juror. *See State v. Kehn*, 50 Ohio St.2d 11, 18, 361 N.E.2d 1330(1977), *certiorari denied*, 434 U.S. 858, 98 S.Ct. 180, 54 L.Ed.2d 130(1977).

{¶21} The purpose of the aliunde rule is to maintain the sanctity of the jury room and the deliberations therein. *State v. Rudge*, 89 Ohio App.3d 429, 438–439, 624 N.E.2d 1069, 1075–1076(1993). The rule is designed to ensure the finality of jury verdicts and

to protect jurors from being harassed by defeated parties. The rule requires a foundation from non-juror sources. Thus, the Ohio Supreme Court has held that "the information [alleging misconduct] must be from a source which possesses firsthand knowledge of the improper conduct. One juror's affidavit alleging misconduct of another juror may not be considered without evidence aliunde being introduced first." *State v. Schiebel*, 55 Ohio St.3d 71, 75, 564 N.E.2d 54, 61 (1990).

{¶22} The only exception that the Supreme Court has made to Rule 606(b)(1)'s prohibitions is "when, after the jury is discharged, a juror comes forward with compelling evidence that another juror made clear and explicit statements indicating that racial animus was a significant motivating factor in his or her vote to convict." *Pena-Rodriguez v. Colorado*, __ U.S. __, 137 S.Ct. 855, 869, 197 L.Ed.2d 107 (Mar. 6, 2017).

{¶23} The affidavit of Shuster and any affidavit of the investigator or a juror would merely relay the jurors' statements. This evidence is also barred by Evid.R. 606. "In order to permit juror testimony to impeach the verdict, a foundation of extraneous, independent evidence must first be established. This foundation must consist of information from sources other than the jurors themselves, *Wicker v. Cleveland,* 150 Ohio St. 434, 38 O.O. 299, 83 N.E.2d 56(1948), and the information must be from a source which possesses firsthand knowledge of the improper conduct ... Similarly, where an attorney is told by a juror about another juror's possible misconduct, the attorney's testimony is incompetent and may not be received for the purposes of impeaching the verdict or for laying a foundation of evidence aliunde. *See Tasin v. SIFCO Industries, Inc.* (1990), 50 Ohio St.3d 102, 553 N.E.2d 257; *Dodd v. McCammon* (1920), 14 Ohio App. 160, 32 Ohio C.C. (N.S.) 68". *State v. Schiebel*, 55 Ohio St.3d 71, 75-76, 564 N.E.2d 54, 61(1990).

**{¶24}** As this Court has already stated,

> As a juror in the case, Mr. Cooper cannot now impeach his own verdict with his own statement alone. Evid.R. 606 has been consistently upheld as the law relative to the impeachment of jury verdicts. "The rule is designed to protect the finality of verdicts and to ensure that jurors are insulated from harassment by defeated parties." *Schiebel, supra*, at 75. See also State *v. Adams*, 141 Ohio St. 423 (1943).

*State v. Shuster,* 5th Dist. Morgan No. 15AP0017, 2016-Ohio-5030, ¶16. In that case, Shuster had filed a motion for a new trial on June 5, 2013, arguing juror misconduct[3]. In support of his motion, Shuster filed an affidavit from Richard Cooper, a juror from his trial, stating, in part,

> 4. That we jurors had heard, prior to trial and since the time of the arrest of Michael Shane Shuster, that he had confessed to the charges filed against him and for those charges which were the subject of the trial.

> 5. That the Prosecuting Attorney, during his closing argument, told the jury that Michael Shane Shuster had confessed to the charges.

> 6. That we thought our deliberations were just a formality since we were told that Michael Shane Shuster had confessed.

*Shuster,* ¶12.

---

[3] Shuster filed in the trial court a sworn affidavit of Richard Cooper on November 17, 2014, claiming it to be a substitute for a previously filed handwritten statement. On June 22, September 4, and October 5, 2015, Shuster filed motions to amend and supplement his motion for new trial. By journal entry filed October 30, 2015, the trial court denied appellant's motion for new trial. *Shuster,* ¶3.

{¶25} Accordingly, Shuster has not demonstrated he was unavoidably prevented from discovering the alleged newly discovered evidence. In addition, because we have already addressed this issue, the doctrine of res judicata bars any further consideration. See *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 1996-Ohio-337; *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.

{¶26} The trial court did not abuse its discretion by overruling Shuster's motion for a new trial without conducting an evidentiary hearing.

{¶27} Shuster First and Second Assignments of Error are overruled.

{¶28} The judgment of the Morgan County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur